William R. MEREDITH, II, et al., Petitioners,

v.

Honorable Gilbert M. WILSON, Judge, Mercer Circuit Court, Respondent.

Court of Appeals of Kentucky.

Jan. 26, 1968.

James F. Clay, Jr., Clay & Clay, Danville, for petitioners.

Gilbert M. Wilson, Judge, pro se.

DAVIS, Commissioner.

In this original action the petitioners seek an order directing the respondent, as Judge of the Mercer Circuit Court, to permit petitioners, who are plaintiffs in an action presently pending in the Mercer Circuit Court, to take certain discovery depositions. Other ancillary relief is sought, but we deem that the prime prayer of the present petition relates to the discovery depositions.

It appears that the present petitioners instituted an action in the Boyle Circuit Court, which is also in the 13th Judicial District over which the present respondent presides as circuit judge. KRS 23.040 (13). The action in the Boyle Circuit Court was dismissed for lack of proper venue. The propriety of the order dismissing the action in the Boyle Circuit Court is being tested in an appeal presently pending in this court.

The present petitioners have filed an action in the Mercer Circuit Court in which the parties, plaintiffs and defendant, are identical to those in the action in the Boyle Circuit Court, and the precise relief which was sought in the Boyle County action is sought in the Mercer County action. It appears that the order dismissing the action in the Boyle Circuit Court was entered August 31, 1967, and supplemented on September 8, 1967. The complaint of the present petitioners was filed in the Mercer Circuit Court on October 7, 1967. The defendant in the Mercer County action, without filing a responsive pleading to the merits of the complaint, moved that the time for filing be enlarged until twenty days after the mandate shall have been issued in the pending appeal in the Boyle County action. That motion was sustained, whereupon counsel for the present petitioners served notice for the taking of the discovery depositions of the defendant and another person. The defendant in the Mercer County suit then moved the court to enlarge its previous order, suspending the time for filing answer so as to prohibit the taking of the depositions on discovery and to quash a subpoena duces tecum issued incident to discovery depositions.

The respondent judge entered an order prohibiting the taking of the depositions and substantially suspending any proceedings in the Mercer County litigation until after the disposition of the appeal in the Boyle County case. It was this order which prompted the filing of the present proceedings in this court. After the present petition had been filed, the respondent judge amended the order attacked here so as to permit the present petitioners to take depositions to perpetuate testimony as prescribed by CR 27. Thus, the narrow question presented now is whether the petitioners are entitled to the extraordinary relief of mandamus so as to permit them to take depositions for discovery as prescribed in CR 26. It is our conclusion that in the circumstances of this case the relief sought should be granted.

The right of discovery depositions is an important one vouchsafed by the civil rules. The scope of examination as well as the form of interrogation are substantially different as respects depositions for discovery and depositions for perpetuation of testimony. See Clay, CR 27.-01, Author's Comment 1, Page 406, specifically pointing out that depositions for perpetuation of testimony may not be used for the purpose of discovery. The petitioners alleged without contradiction that important matters involved in the litigation need to be developed by the sought discovery depositions and that the information and evidence now available may be lost in the event of the death of either of the witnesses sought to be interrogated. As noted in Wiglesworth v. Wright, Ky., 269 S.W.2d 263, we are loath to invoke the extraordinary remedies of prohibition or mandamus

in cases of this sort but will do so upon a proper showing. It seems to us that there is no valid basis for denying the right to take the discovery depositions and that failure to grant relief may well subject petitioners to irreparable injury. We see nothing in the record warranting any further relief herein.

It is ordered that the respondent enter an appropriate order permitting the plaintiffs to proceed to take depositions for discovery, as prescribed by CR 26, in the action pending in the Mercer Circuit Court, wherein William R. Meredith, II, Hope Ann Lowe, and Mary Jane Allen are plaintiffs and Guy C. Ingram, Executor of the Estate of W. R. Kyle, is the defendant.

All concur.