**VOLVO CAR CORPORATION, Volvo North America Corporation and Quantrell Cadillac, Inc., Appellants,**

**v.**

**Jacqueline H. HOPKINS, Jerome Hopkins and John R. Adams, Judge Fayette Circuit Court, Appellees.**

**No. 93-SC-294-MR.**

Supreme Court of Kentucky.

Sept. 2, 1993.

Benjamin Cowgill, Jr., Lionel A. Hawse, Landrum & Shouse, Lexington, for appellants.

Ben L. Kessinger, Jr., Lynn C. Stidham, Don A. Pisacano, Stites & Harbison, Lexington, Kenneth W. Smith, Roberts & Smith, Lexington, John R. Adams, Judge, Lexington, for appellees.

LEIBSON, Justice.

This was an original action filed in the Kentucky Court of Appeals seeking a writ of mandamus against Fayette Circuit Judge John R. Adams ordering him to vacate a discovery order. The trial court's order forbids the appellees (Hopkinses) from contacting non-party witnesses in a products liability case against Volvo Car Corporation and others (Volvo). The Hopkinses (plaintiffs below) filed suit claiming Jacqueline Hopkins sustained serious injuries when their Volvo, which was parked in their driveway with the engine running, suddenly and inexplicably accelerated out of control.

In a previous discovery order the trial judge had ordered Volvo to make available to the Hopkinses all information in Volvo's possession regarding forward and reverse sudden acceleration incidents (SAI reports) for 1984 through 1987 760–Series Volvo automobiles. Although not specified in his written order, Judge Adams orally added the proviso that the Hopkinses would be required to seek the court's permission before making personal contact with these individuals. Volvo provided files for almost 200 incident reports of SAI complaints, most of which contained only information provided to and recorded by Volvo investigators. Representing that their expert witness advised plaintiffs they needed to interview these SAI complainants in person and on a voluntary basis regarding details of similarities between the incidents reported and the occurrence which is the subject matter of this suit, plaintiffs moved the court for permission to contact these witnesses.

Volvo then moved for a protective order to prevent the contact, and ultimately the trial court ruled that because plaintiffs' expert "has not yet established any legal scientific basis upon which these other incidents share any common characteristics.... This Court cannot permit [the expert] nor counsel for the Plaintiffs to scour the countryside, talking with all of the people that have 'sudden acceleration' incidents in an attempt to 'discover a legal theory'."

A unanimous panel of the Court of Appeals concluded otherwise and granted the plaintiffs' petition for mandamus, directing the trial court to vacate his order "and allow petitioners to contact, in any manner consistent with the rules of discovery, the Volvo customers listed by them who have reported 'sudden acceleration' events." This order is appealed to our Court as a matter of right. We affirm.

■ The Court of Appeals was "of the opinion that respondent's blanket order denying discovery is erroneous and a clear abuse of discretion." The basis of the Court of Appeals' ruling was stated as follows:

"The appellate courts of this Commonwealth have long held that discovery rules are to be accorded liberal treatment and that limiting their application must be defined by relevancy and privilege. There is no prerequisite to discovery that the party be prepared to prove his case. [Citations omitted.] Respondent made no findings that the information sought to be discovered by petitioners is irrelevant or privileged. His ground for denying discovery was that petitioners' expert had not established any legal scientific basis upon which the other incidents of 'sudden acceleration' shared any common characteristics with the case at bar which would provide the court or a jury with any connectors between petitioners' incident and the other incidents."

Turning to the further question, whether to exercise supervisory power over the trial court in this matter, the Court of Appeals found "irreparable harm for which they [the petitioners] have no adequate remedy by appeal" in the fact "that, if they [the plaintiffs below] were required to await the outcome of a trial before an appellate court could resolve the issue, the delay could result in the loss of information now available due to fading memories, death or other unavailability of the witnesses."

The only limits in the Civil Rules on discovery of matters not privileged is whether "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." CR 26.02(1). "It is not ground for objection that the information sought will be inadmissible at the trial." *Id.*

Indeed, Rule 26.02(1) specifically provides that one of the matters discoverable is "the identity and location of persons having knowledge of any discoverable matter." The obvious reason for undertaking such discovery is to interview such persons to develop one's case. The trial court's order prohibits precisely what the rule contemplates.

A review of the orders, opinions and comments as transcribed in the record reveals that the trial court's concerns with the process of voluntary interviews were that it might stir up litigation against Volvo from other dissatisfied complainants or might require Volvo to engage in unnecessary pretrial expenses to discover what the petitioners may have discovered in their investigation. These concerns are speculative at best, and, in any event, they fail to provide any valid

legal reason to deny discovery otherwise permitted by CR 26.02. As stated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), a protective order against discovery is appropriate only upon proof that it is "being conducted in bad faith or in such manner to annoy, embarrass, or oppress the person subject to the inquiry." This is not the present situation.

As the appellees contend, the trial court's requirement of a "connector" in the form of a scientific explanation for the sudden acceleration incident which is the subject matter of this case *before* discovery rather than afterwards, "puts the cart before the horse." Neither the plaintiffs nor their expert is required to have a scientific explanation for the incident in question before gathering information appropriate in forming an opinion. On the contrary, the only valuable opinions are those arrived at *after* factual information has been gathered and evaluated.

Volvo argues that other incidents are relevant only if they are "substantially similar" to the incident at issue in this case. *See Montgomery Elevator Co. v. McCullough*, Ky., 676 S.W.2d 776 (1984) and *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100 (6th Cir. 1989). However, proof of similarity is not the "threshold issue to investigating the other incidents" as Volvo insists. On the contrary, discovery includes the right to investigate to determine similarity.

Volvo contends the trial court realized its initial discovery order was too broad, and therefore hedged it by requiring the plaintiffs to contact the court before proceeding further to investigate the information Volvo would provide about SAI complaints. The issue before us is not the merits of the initial discovery order, but the limitation presently imposed on the use of the information thus provided. We agree with the Court of Appeals, the present limitation finds no basis in the discovery rules; the trial court exceeded its authority in imposing it.

Finally, there were valid reasons, as expressed in the Court of Appeals' order which we have quoted, for finding a writ of mandamus an appropriate remedy in present circumstances. The Court of Appeals acted because the delay involved in awaiting final disposition of the case below before addressing the erroneous discovery ruling would likely result in losing discoverable information from witnesses who may have died, or moved, or whose memories might be dimmed by time. In *Meredith v. Wilson*, Ky., 423 S.W.2d 519 (1968), our Court issued a writ of mandamus for similar reasons, ordering depositions because "the information ... now available may be lost in the event of the death of either of the witnesses sought to be interrogated." *Id.* at 520. Similarly, in the landmark case providing appellate intervention in the discovery procedure by a writ of prohibition, *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961), we intervened to prevent irreparable harm from discovery beyond the scope of the Civil Rules, and this case presents the opposite side of the same coin.

For the reasons stated, the Opinion and Order of the Court of Appeals in this case is affirmed.

All concur.