MODIFIED: MAY 14, 2015
RENDERED: FEBRUARY 19, 2015
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000355-MR

COMMONWEALTH OF KENTUCKY,                                      APPELLANTS
FINANCE AND ADMINISTRATION CABINET;
LORI FLANERY, IN HER OFFICIAL
CAPACITY AS SECRETARY OF THE
FINANCE AND ADMINISTRATION CABINET;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY
SERVICES; AUDREY HAYNES, IN HER
OFFICIAL CAPACITY AS SECRETARY OF
THE CABINET FOR HEALTH AND FAMILY
SERVICES; COMMONWEALTH OF
KENTUCKY, DEPARTMENT OF MEDICAID
SERVICES; AND LAWRENCE KISSNER, IN
HIS OFFICIAL CAPACITY AS
COMMISSIONER OF THE DEPARTMENT
FOR MEDICAID SERVICES



ON APPEAL FROM COURT OF APPEALS
V.                          NO. 2014-CA-000429-OA
FRANKLIN CIRCUIT COURT NO. 12-CI-01373

HONORABLE THOMAS D. WINGATE,                                   APPELLEES
JUDGE, FRANKLIN CIRCUIT COURT; AND
KENTUCKY SPIRIT HEALTH PLAN, INC.

### OPINION OF THE COURT BY JUSTICE VENTERS

### VACATING AND REMANDING

Appellants, Commonwealth of Kentucky, Finance and Administration

Cabinet, et al. (collectively, Cabinet), appeal from an order of the Court of

Appeals granting the petition of Kentucky Spirit Health Care Plan, Inc., for a

writ of prohibition against Franklin Circuit Court Judge Thomas Wingate. The

writ prohibited Judge Wingate from enforcing an order imposing a stay of discovery in the underlying declaratory judgment litigation.

Kentucky Spirit brought a declaratory judgment action seeking a ruling that it had a right to terminate its Medicaid managed care contract with the Cabinet, without penalty, prior to the expiration of the contract. Following a partial summary judgment in favor of the Cabinet, Kentucky Spirit appealed and the Cabinet cross-appealed. While those appeals are pending, Kentucky Spirit intended to pursue pre-trial discovery measures relating to its rights under the Medicaid contract. The circuit court, however, stayed those discovery efforts until the resolution of the partial summary judgment appeals.[1] In concluding that Kentucky Spirit should have the right to proceed with discovery, pending the appeal, the Court of Appeals determined that the trial court's suspension of discovery amounted to an indefinite stay on discovery without a pressing need to do so in violation of *Estate of Cline v. Weddle*, 250 S.W.3d 330 (Ky. 2008) and *Rehm v. Clayton*, 132 S.W.3d 864 (Ky. 2004).

As grounds for relief from the writ, the Cabinet argues that: (1) the trial court's stay of discovery was proper because upon Kentucky Spirit's appeal of the partial summary judgment order, the Franklin Circuit Court lost "subject matter jurisdiction" over the proceeding and, therefore, there was no ongoing circuit court jurisdiction under which discovery could proceed; and (2) even if

---

[1] On February 6, 2015, the Court of Appeals affirmed the trial court's partial summary judgment. *See Kentucky Spirit Health Plan, Inc. v. Commonwealth Finance and Administration Cabinet*, 2013-CA-001050-MR and 2013-CA-001201-MR, 2015 WL 510852, (Ky. App. Feb. 6, 2015). The Court of Appeals opinion had not attained finality as of the rendition date of this opinion.

2

the circuit court was not divested of subject matter jurisdiction by the appeal from the partial summary judgment, a stay of discovery was appropriate pending resolution of the threshold issues currently on appeal.

Because the circuit court did not abuse its discretion by temporarily staying discovery, we vacate the writ issued by the Court of Appeals and remand for entry of an order denying Kentucky Spirit's petition for a writ of prohibition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2011, Kentucky Spirit entered into a three-year contract with the Cabinet to provide Medicaid services in Kentucky. In October 2012, Kentucky Spirit filed a petition for declaratory judgment (Case No. 12-CI-1373) in Franklin Circuit Court seeking a determination that it had the right to an early termination of the contract, without liability for damages, effective July 5, 2013, one year prior to the scheduled conclusion of the initial term under the provisions of the contract. The complaint further alleged that in the event that Kentucky Spirit was subject to damages, then those damages should be calculated pursuant to the liquidated damages provision of the contract. In April 2013, Kentucky Spirit brought a second lawsuit in Franklin Circuit Court (Case No. 13-CI-458) in which it alleged various damage claims against the Cabinet based upon the Cabinet's alleged breach of contract; the Cabinet responded with its own counterclaim for damages. The two lawsuits were subsequently consolidated.

3

On May 31, 2013, the circuit court entered an order rejecting Kentucky Spirit's claim that it was entitled to an early termination of the contract, holding instead that the company did not have that right. The order further stated that if Kentucky Spirit did not perform its obligations under the contract, it would be in breach of the contract and would consequently be subject to liability under the liquidated damages section of the contract. Because the order did not resolve all of the issues between the parties (more specifically, Count III in Case No. 12-CI-1373 and Counts I-VIII in Case No. 13-CI-458 remained unresolved) the trial court's order was a "partial summary judgment" with additional matters remaining to be decided.[2]

Kentucky Spirit appealed the partial summary judgment order, and the Cabinet filed a cross-appeal challenging the ruling insofar as it determined that damages would be calculated exclusively under the liquidated damages clause of the contract. The issue of the circuit court's continuing "jurisdiction" over the case during the pendency of the appeal was first introduced as an issue by the circuit court itself in connection with a motion for injunctive relief filed by the Cabinet seeking to compel Kentucky Spirit to continue to perform under the contract beyond its announced termination date of July 5, 2013. In its order denying that motion, the circuit court stated that the appeal of its partial summary judgment order "had divested this court of jurisdiction"; the circuit

---

[2] Recognizing that its partial summary judgment ruling did not dispose of all of the claims pending before it and therefore would otherwise be a non-final order, the circuit court included the language of CR 54.02 in the order by stating "[t]his order is final and appealable and there is no just cause for delay."

4

court further stated that it "decline[d] to invoke any residual discretionary jurisdiction it may retain" so as to address the motion for injunctive relief.

While the appeal of the partial summary judgment awaited adjudication in the Court of Appeals, Kentucky Spirit served a fifty-item request for production of documents on the Cabinet; the Cabinet responded with a motion to stay discovery.[3] In its order granting the Cabinet's motion for a stay the circuit court stated as follows:

> Plaintiff desires to proceed with discovery in this matter, particularly regarding damages and reformation claims. However, *this Court is without jurisdiction as this matter has been fully adjudicated at this level.* An Opinion and Order was entered on May 31, 2013 granting summary judgment in favor of the Defendants. Of importance in the abovementioned Opinion and Order was the discussion pertaining to the ambiguity of the contract. The Court stated "[w]hile Section 39.13 is arguably poorly drafted, the terms of the Contract as a whole are not ambiguous," and therefore held reformation of the Contract would not occur. Furthermore, the Court's instruction in an Order entered on June 25, 2013, stated "[s]hould Defendants seek redress of the claims for monetary damages, the Court suggests filing an independent original action for breach of contract at the appropriate time." The Court directs the parties to the Court of Appeals. The Court relies upon the abovementioned Orders while addressing the instant Motion *and holds again that jurisdiction does not remain in the Franklin Circuit Court.*

(emphasis added). In response to Kentucky Spirit's motion for reconsideration of this order the circuit court corrected its erroneous reference to the cases having been "fully adjudicated," stating "[t]he Court's February 6, 2014 Order did not dispose of either Count III of Plaintiff's declaratory judgment complaint

---

[3] Kentucky Spirit alleges that this document request applied only to issues relating to the second lawsuit (the one relating to damages) and did not apply to the issues relating to the now appealed declaratory judgment action.

in 12-CI-1373 or Counts I-VIII of Plaintiff's complaint in 13-CI-458, as those counts have not been adjudicated. However, the Court maintains that a stay of discovery in this matter is appropriate."

Following the circuit court's stay of discovery, Kentucky Spirit filed a petition for a writ of prohibition in the Court of Appeals seeking a writ that would permit it to proceed with discovery on the remaining issues while the partial summary judgment was addressed in the appellate courts. The Court of Appeals concluded that the stay of discovery amounted to an impermissible indefinite stay on discovery without a pressing need to do so in violation of *Weddle* and *Rehm*. This appeal followed.

## II. STANDARD OF REVIEW

We set forth the standard for granting a writ of prohibition in *Hoskins v. Maricle*: "A writ . . . *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."[4] 150 S.W.3d 1, 10 (Ky. 2004); *see also* CR 81. Further, it is well established that a writ of prohibition "is an 'extraordinary remedy' that Kentucky courts 'have always been cautious and conservative both in entertaining petitions for and in

---

[4] We frequently refer to the first mentioned basis for writ relief as *Hoskins's* "first class" writ, and the basis for writ relief mentioned second as *Hoskins's* "second class" writ.

6

granting such relief.'" *Newell Enterprises, Inc. v. Bowling,* 158 S.W.3d 750, 754 (Ky. 2005)[5] (*quoting Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961)).

Typically, a Court of Appeals decision to grant or deny a writ is reviewed for an abuse of discretion. *Southern Financial Life Ins. Co. v. Combs,* 413 S.W.3d 921, 926 (Ky. 2013). "But when the issue presented involves a question of law, we review the question of law *de novo.*" *Id.* Because there are no issues of law predominating in this proceeding, our review is pursuant to the abuse of discretion standard.

### III. ANALYSIS

**A. The Appeal of the Partial Summary Judgment did not Divest the Circuit Court of Subject Matter Jurisdiction and thus May not be Relied Upon by the Cabinet as an Alternative Grounds for Relief.**

The Cabinet's first argument is that the circuit court properly entered a stay on discovery because, with the appeal of the partial summary judgment pending, the circuit court was divested "of all jurisdiction over the case," and therefore, further discovery was improper.

We first note that Kentucky Spirit itself did not seek relief in its petition to the Court of Appeals under the first class of the *Hoskins* writ standard, and does not argue that the circuit court lost jurisdiction following the partial summary judgment. Rather, as an alternative grounds for upholding the circuit court's ruling, the Cabinet argues that, upon the appeal of the partial summary judgment, the circuit court lost "subject matter jurisdiction" to

---

[5] Overruled on other grounds by *Interactive Media Entertainment and Gaming Ass'n, Inc. v. Wingate,* 320 S.W.3d 692 (Ky. 2010).

further preside over the case, including the power to oversee discovery.[6] The Cabinet, however, misperceives the concept of "subject matter jurisdiction" as that terminology has been defined in our relevant precedents. "In Kentucky, circuit courts are courts of 'general jurisdiction,' which means that circuit courts 'shall have original jurisdiction of all justiciable causes not vested in some other court.'" *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (citing Ky. Const. § 112(5)). Thus "subject-matter jurisdiction" refers to a circuit court's authority not simply to hear this case, but rather, to hear "*this kind of case.*" *Id.*; *see also Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012) ("In the context of the extraordinary writs, 'jurisdiction' refers not to mere legal errors but to subject-matter jurisdiction . . . which goes to the court's core authority to even hear cases" (citations omitted)); *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012) ("Once filed, a court has subject matter jurisdiction of the case so long as the pleadings reveal it is the kind of case assigned to that court by a statute or constitutional provision.").

Here, the underlying claims relate to Kentucky Spirit's action for ascertaining its right to an early termination of the Medicaid contract and associated issues concerning the measure of damages. Circuit Courts, as courts of general jurisdiction, KRS 23A.010(1),[7] have subject matter

---

[6] *See Commonwealth, Corrections Cabinet v. Vester*, 956 S.W.2d 204, 205–06 (Ky. 1997) ("[w]here the prevailing party seeks only to have the judgment affirmed, it is entitled to argue without filing a cross-appeal that the trial court reached the correct result for the reasons it expressed and for any other reasons appropriately brought to its attention.").

[7] "The Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS 23A.010(1).

jurisdiction over declaratory judgments and contract disputes of the type at issue. *See* KRS 418.040 (declaratory judgment statute); *Bank One Kentucky NA v. Woodfield Financial Consortium LP*, 957 S.W.2d 276, 280 (Ky. App. 1997) (a claim for declaratory relief seeking the construction and interpretation of a contract is valid under KRS 418.040). Thus the Cabinet's argument that the circuit court lacks "subject matter jurisdiction" because of the order granting partial summary judgment and subsequent appeal is inaccurate. The award of partial summary judgment and the associated appeal does not implicate the relevant inquiry: whether the Franklin Circuit Court has the authority to hear "this kind of case."

In summary, we are unpersuaded by the Cabinet's argument that the circuit court's holding may be upheld upon the basis that it had lost "subject matter jurisdiction" over the underlying litigation, and so may not further preside over the case in any manner.

## B. The Court of Appeals Abused its Discretion in Granting the Writ.

The Cabinet argues that even if the circuit court was not divested of subject matter jurisdiction by the appeal from the partial summary judgment, a stay of discovery was appropriate pending resolution of the threshold issues currently under litigation on appeal. We address this argument under the second class of the *Hoskins* test. For a writ to succeed under the second class of *Hoskins* Kentucky Spirit must demonstrate that: (1) Franklin Circuit Court is acting, or is about to act, erroneously, although within its jurisdiction; (2)

9

there exists no adequate remedy by appeal or otherwise; and (3) great injustice and irreparable injury will result if the petition is not granted.

As discussed above, under the circumstances before us, the circuit court was not acting outside of its subject matter jurisdiction when it chose to abate discovery pending resolution of the appeal. However, we have previously held that the filing of a notice of appeal under CR 73.01(2) divests the circuit court of *particular case* jurisdiction and transfers that authority to the appellate court. *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990); *see also Johnson v. Commonwealth*, 17 S.W.3d 109, 113 (Ky. 2000) ("As a general rule, except with respect to issues of custody and child support in a domestic relations case, the filing of a notice of appeal divests the trial court of jurisdiction to rule on any issues while the appeal is pending.") (citations omitted). Hence, upon the filing of a notice of appeal, while a circuit court retains subject matter jurisdiction over that type of case, it will typically lose particular case jurisdiction over the specific lawsuit owing to the transfer of that jurisdiction to the appellate courts. In declining jurisdiction over the case, the circuit court specifically cited to *Stallings*, and the Cabinet relies upon that same principle in supporting its argument that the circuit court was deprived of jurisdiction over the case such that ongoing discovery proceedings would be improper. However, in *Garnett v. Oliver*, our predecessor court held that "if the appeal from the particular order or judgment does not bring the entire cause into the appellate court . . . further proceedings in the conduct of the cause may properly be had in the lower court." 45 S.W.2d 815, 817 (Ky. 1931). *See*

10

*also Commonwealth v. Bailey*, 71 S.W.3d 73, 84 (Ky. 2002) ("An interlocutory appeal, however, generally only deprives the trial court of the authority to act further in the matter that is subject of the appeal, and the trial court is not divested of the authority to act in matters unrelated to the appeal.").

Thus, pursuant to *Garnett* and *Bailey*, because Kentucky Spirit's appeal and the Cabinet's cross-appeal of the partial summary judgment, did not "bring the entire cause into the appellate court . . . further proceedings in the conduct of the cause may properly be had in the lower court." *Garnett*, 45 S.W.2d at 817. As such, we are unpersuaded that *Stallings* is dispositive of the issue.

Kentucky Spirit claims that its document request applied exclusively to the damages action and was totally unrelated to the matter pending on appeal, and "is based upon different facts, asserts different claims, and seeks different relief than the Declaratory Judgment Action." The Cabinet disputes that claim and offers examples of how the issues remaining in the circuit court overlap with the matter on appeal. We conclude that *Garnett* is the controlling authority. The circuit court retained jurisdiction over pending claims not being appealed. Ancillary to that jurisdiction is the authority to allow ongoing discovery pertaining to claims that remained with that court, subject of course, to the circuit court's exercise of its broad discretion over the scope of such discovery matters.

Even though the trial court was authorized to permit ongoing discovery, nevertheless, it is clear that the trial court's abatement of discovery pending the appeal will not result in a "great injustice and irreparable injury . . . if the

11

petition is not granted." Trial courts are conferred with broad discretion in managing discovery in light of the unique factors present in any particular case. *Sexton v. Bates*, 41 S.W.3d 452 (Ky. App. 2001) ("It is a well established principle that a trial court has broad discretion over disputes involving the discovery process."). Under these circumstances the circuit court acted well within its discretion in deciding to hold further discovery in abeyance pending the resolution of the appeal. There was no great injustice associated with the stay.

Nor is there an irreparable injury connected with the stay. There is no indication that if the stay is not lifted the documents requested in Kentucky Spirit's discovery effort will not be readily available for disclosure upon resolution of the pending appeals. Kentucky Spirit has failed to explain how it will be prejudiced if discovery is abated until resolution of the appeals. A writ of prohibition "is an extraordinary remedy," that Kentucky courts "have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). The trial court's order temporarily abating discovery does not implicate the need for an extraordinary remedy; nor will it result in a great injustice or an irreparable injury.

And finally, we believe that the Court of Appeals and Kentucky Spirit have misplaced their reliance upon *Weddle* and *Rehm* to strike down the circuit court's order as an indefinite stay on discovery without a pressing need. In *Rehm*, an asbestos exposure case involving multiple defendants, the circuit

12

court stayed discovery following summary judgment as to some of the defendants; the plaintiffs sought to continue discovery as to the remaining defendants. In holding that the plaintiffs were entitled to a writ allowing them to continue with discovery, we held that "[a]lthough Appellants cannot identify specific persons' testimony that will be lost or the evidence that will disappear, they are not required to do so. Information and evidence now available may be lost as a result of the discovery stay, and that is sufficient." *Rehm*, 132 S.W.3d at 868 (internal quotes omitted).

Similarly, *Weddle* holds that the Court of Appeals erred in declining to issue a writ of mandamus to compel the trial court to vacate a stay order, reasoning that the trial court had acted without articulating any urgency for abating the case, and because the issuance of the stay order resulted in irreparable injury with no adequate remedy by appeal. Also in this vein, in *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777 (Ky. 1993), we held that in the context of a sudden acceleration lawsuit that the petitioner was entitled to a writ because the delay involved in awaiting final disposition of the case before addressing the erroneous discovery ruling would likely result in losing discoverable information from witnesses who may have died, or moved, or whose memories might be dimmed by time.

As we recently explained in *Inverultra, S.A. v. Wilson*, --- S.W.3d ---, 2014 WL 7238373, *5-*6 (Ky. 2014), *Volvo* and *Rehm* both purport to rely on *Meredith v. Wilson*, 423 S.W.2d 519 (Ky. 1968), a case in which our predecessor Court granted mandamus and reversed a discovery stay. The analysis in

13

*Meredith*, however, was not based on a generalized concern that information could conceivably be lost. *Id.* It was based upon the determination that because "in the circumstances of this case" there was an apparently real risk that "information and evidence now available may be lost in the event of the death of either of the witnesses sought to be interrogated." 423 S.W.2d at 520. Thus, *Meredith* reflects the sensible holding that a genuine exigency might well call into question the adequacy of an appeal. *Inverultra* at *5-*6. Cf. *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3rd Cir. 1967) (denying mandamus relief from a discovery stay except allowing the deposition of the seventy-one year old plaintiff). *See also, Landis v. North American Co.*, 299 U.S. 248, 255 (1936) (Cardozo, J.) ("the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else, [and] . . . [o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

In each of these cases where mandamus relief was granted, however, the potential evidence at risk exceeded a mere request for pre-existing documents housed at a known and secure location. Rather, in those cases the discovery requests implicated information realistically subject to loss or destruction, and to witnesses' fading memories, the dispersal of witnesses, and perhaps even their deaths. None of these concerns are alleged in Kentucky Spirit's document

14

request dispute; as noted above, there is simply no realistic danger of the loss of the subject governmental documents.

Obviously, some orders abating discovery may cause irreparable injury and some may not. Any reading of *Rehm, Weddle, and Volvo* that there is a presumption of irreparable damage is misguided. *Rehm, Weddle,* and *Volvo,* therefore, represent a very narrow exception restricting a circuit court's discretion to abate discovery which is applicable only when there is a realistic chance of a party losing crucial evidence possessed by witnesses whose accounts may otherwise be lost if discovery is unduly delayed pending appellate procedures. As explained, that is simply not the case here. As such, we conclude that the Court of Appeals', and Kentucky Spirit's, reliance on this line of cases is misplaced under the facts of this case. *See Inverultra,* at *5-*6.

## IV. CONCLUSION

Because the circuit court did not abuse its discretion by temporarily staying discovery pending the resolution of matters pertaining to the partial summary judgment in the appellate courts, we therefore vacate the writ of prohibition issued by the Court of Appeals and remand the proceeding for entry of an order denying Kentucky Spirit's petition for a writ of prohibition.

Minton, C.J., Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.

15

COUNSEL FOR APPELLANTS:

Kenneth Allen Bohnert
Richard M. Sullivan
Scott Alan Johnson
Conliffe, Sandmann & Sullivan


COUNSEL FOR APPELLEE HON. THOMAS D. WINGATE, JUDGE, FRANKLIN
CIRCUIT COURT:

Hon. Thomas Dawson Wingate

COUNSEL FOR APPELLEE KENTUCKY SPIRIT HEALTH PLAN, INC.:

Philip Wallace Collier
Bethany A. Breetz
Stites & Harbison, PLLC

Christopher Flynn
Crowell & Moring, LLP

# Supreme Court of Kentucky

## 2014-SC-000355-MR

COMMONWEALTH OF KENTUCKY,                                        APPELLANTS
FINANCE AND ADMINISTRATION CABINET;
LORI FLANERY, IN HER OFFICIAL
CAPACITY AS SECRETARY OF THE
FINANCE AND ADMINISTRATION CABINET;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY
SERVICES; AUDREY HAYNES, IN HER
OFFICIAL CAPACITY AS SECRETARY OF
THE CABINET FOR HEALTH AND FAMILY
SERVICES; COMMONWEALTH OF
KENTUCKY, DEPARTMENT OF MEDICAID
SERVICES; AND LAWRENCE KISSNER, IN
HIS OFFICIAL CAPACITY AS
COMMISSIONER OF THE DEPARTMENT
FOR MEDICAID SERVICES

ON APPEAL FROM COURT OF APPEALS
V.                                    NO. 2014-CA-000429-OA
FRANKLIN CIRCUIT COURT NO. 12-CI-01373

HONORABLE THOMAS D. WINGATE,                                     APPELLEES
JUDGE, FRANKLIN CIRCUIT COURT; AND
KENTUCKY SPIRIT HEALTH PLAN, INC.

## ORDER

This matter is before the Court on the Appellant's petition to modify the

Opinion of the Court by Justice Venters, rendered February 19, 2015. The

Court having reviewed the record and being otherwise fully and sufficiently

advised, ORDERS:

1)      The  Appellant's petition to modify the Opinion of the Court by

Justice Venters is GRANTED; and

2)    The opinion is MODIFIED on its face by substitution of the attached opinion in lieu of the original opinion rendered February 19, 2015. Said modification does not affect the holding.

All sitting.  All concur.

ENTERED: May 14, 2015.

_____
CHIEF JUSTICE

2