Gary **BRYANT** and Erica Brown, Appellants

v.

**ALLSTATE INDEMNITY COMPANY**, Appellee

NO. 2015–CA–001451–MR

Court of Appeals of Kentucky.

FEBRUARY 24, 2017; 10:00 A.M.

Rehearing Denied April 18, 2017

---

BRIEF FOR APPELLANT: Aaron Michael Murphy, Louisville, Kentucky

BRIEF FOR APPELLEE: Eric S. Rice, Louisville, Kentucky

BEFORE: CLAYTON, DIXON, AND D. LAMBERT, JUDGES.

## OPINION

CLAYTON, JUDGE:

Gary Bryant and Erica Brown appeal the Jefferson Circuit Court order compelling them to participate in pre-litigation depositions and produce documents to Allstate Property and Casualty Company[1] ("Allstate"). Allstate filed the motion under Kentucky Civil Rules (CR) 27.01, which allows the taking of pre-action depositions and production of documents. Bryant and Brown maintain the trial court improperly granted the insurance company's motion for pre-litigation depositions. After careful

consideration, we reverse the trial court's decision.

## BACKGROUND

On June 17, 2015, Gary Bryant and Erica Brown were involved in a car accident. Ostensibly, Carey Lamb, who is insured by Allstate, failed to yield the right-of-way and struck Bryant's car. Bryant and Brown claimed insurance benefits from their insurance company, which has now submitted the claims to Allstate for subrogation.

On August 31, 2015, Allstate filed an original action in Jefferson Circuit Court, which was styled as, "Petition to Compel Pre-Litigation Depositions." On September 2, 2015, the trial court granted the motion for the order, and entered the order tendered with Allstate's petition. On that same day, September 2, 2015, Bryant and Brown received notice of the petition. Consequently, the petition was granted the same day that it was served, thus, excluding any possibility of response to the petition.

Bryant and Brown appeal directly from the order granting the petition. They argue that the trial court's order is erroneous since, contrary to the language of CR 27.01, they did not have an opportunity to respond or an opportunity for a hearing, and hence, were denied due process. In addition, Bryant and Brown contend that Allstate did not have standing to bring this action.

Allstate responds that because Bryant and Brown did not file any objection or a motion to alter, amend, or vacate, they have failed to preserve any argument on appeal. Therefore, Allstate postulates that since no error was preserved, the standard of review is palpable error. CR 61.02;

---

1. Allstate Property and Casualty Insurance Company is wrongfully identified as Allstate Indemnity Company in the "notice of appeal."

*Fischer v. Fischer*, 348 S.W.3d 582, 589 (Ky. 2011). Further, Allstate proposes that the trial court was within its authority and discretion to issue the discovery order.

## ANALYSIS

Our primary task in this matter is to consider whether the trial court followed the requirements of CR 27.01 in granting Allstate's petition. The Rule states:

**(1) Petition.** A person who resides in this state and expects to be a party to an action in a court hereof; or who, being a nonresident of this state, has an interest in real property herein, concerning which he expects to be a party to an action in a court hereof; and who desires to perpetuate the testimony of witnesses, may file in the circuit court of the county of the residence of any expected adverse party, or in which the real property is situated, a verified petition, entitled in the name of the petitioner, showing: (a) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought; (b) the subject matter of the expected action and his interest therein; (c) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it; (d) the names or a description of the persons he expects will be adverse parties and their addresses so far as known; and (e) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

**(2) Notice and service.** The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for an order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the county in the manner provided in Rule 4 for service of summons; but if such service cannot be made upon any expected adverse party named in the petition, the procedure provided in Rule 4 for constructive service shall apply. If any expected adverse party is a person under disability the provisions of Rule 17 shall apply.

**(3) Order and examination.** If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 37. For perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.

**(4) Use of deposition.** If a deposition to perpetuate testimony is taken under these rules or if, although not so taken, it would be admissible in evidence in the courts of the state in which it is taken, or in any United States court sitting in this state, it may be used in any action involving the same subject matter subsequently brought in a court of this state in accordance with the provisions of Rule 32.01.

■ Using the requirements found in CR 27.01 as a template, we will address the effects of the language of the civil rule, to ascertain whether the trial court properly granted Allstate's petition. Initially, we address the language that states the party filing the petition "expects to be a party to an action in a court hereof" and continues later to state "of any expected adverse party[.]" CR 27.01(1).

■ Based on this language, it must be shown in the petition that there is substantial reason to support Allstate's expectation that there will be an action, which it cannot presently bring or cause to be brought. The expectation in the civil rule is not equivocal or conditioned. This expectation depends on the facts of each particular case. *See 8A Fed. Prac. & Proc. Civil* § 2072 (3 Ed.) (2016).

Here, Allstate's petition fails to establish an imminent cause of action by them against Bryant and Brown. Allstate is an insurer of Carey Lamb, the alleged party responsible for the car accident. Bryant and Brown have claimed basic reparations benefits under their insurance carrier, which has now made a claim against Allstate for subrogation under the Motor Vehicle Reparations Act. These facts alone do not support a cognizable action. It appears that if Allstate had a claim, it would not be against Bryant and Brown but against their insurance company.

Allstate proffers that based on Kentucky Revised Statutes (KRS) 304.47–080 and 806 Kentucky Administrative Regulations (KAR) 47:030, it is required to investigate possible fraudulent insurance claims, and thus, Allstate needs to depose these parties. A perusal of this statute and this regulation, however, does not provide any language mandating a civil action against Bryant and Brown. Further, Allstate is not currently prohibited in any manner from investigating this claim. Allstate fails to meet the directive of the civil rule that a cognizable legal action exists.

■ Next, we review the meaning of the language, "to perpetuate the testimony of witnesses[.]" CR 27.01(1). The purpose of CR 27.01 is to permit petitioners to take depositions to perpetuate testimony. *Meredith v. Wilson*, 423 S.W.2d 519, 520 (Ky. 1968). As noted by the Court, even though the right of discovery depositions is an important one provided for by the civil rules, "[t]he scope of examination as well as the form of interrogation are substantially different as respects depositions for discovery and depositions for perpetuation of testimony." *Id.* (citations omitted). The Court notes specifically that "depositions for perpetuation of testimony may not be used for the purpose of discovery." *Id.*

Similarly, such a pre-trial petition for deposition is permitted by the federal rules under Federal Rules of Civil Procedure (FRCP) 27(a). The federal rules permit a party to petition for pre-litigation depositions to perpetuate testimony under certain limited circumstances before an action is filed. FRCP 27(a). Since Kentucky law permits reliance on federal authorities when state and federal civil rules are comparable and because there is a dearth of case law in Kentucky, we turn to federal authorities for guidance. *See Sexton v. Bates*, 41 S.W.3d 452, 456 (Ky. App. 2001).

As previously observed, in *Meredith*, the purpose of CR 27.01, is the perpetuation of testimony. The federal rules further clarify that "Rule 27 is intended only for the perpetuation of testimony or other evidence." 8A *Fed. Prac. & Proc. Civ.* § 2071 (3d Ed). Moreover, the treatise goes on to instruct that the rule is drafted under the following rationale:

[T]o apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless tak-

en immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time. *Id.* (Citation omitted).

Allstate's suggestion that the only purpose of CR 27 is to ensure, by granting a petition, that perpetuation of testimony to prevent a failure or delay of justice is incomplete. In addition, the parties must demonstrate that certain testimony would be lost and needs perpetuation to forestall a failure of justice. When engaging in pre-action discovery, the primary relief sought is not discovery but rather the preservation of evidence that might not be available at a later time. In other words, like its federal counterpart, the purpose of CR 27 is to preserve evidence that otherwise would be in danger of being lost. *In re Checkosky*, 142 F.R.D. 4, 6 (D.D.C. 1992). For instance, FRCP 27(a) meets a need to preserve testimony, physical evidence and documents, which are not likely to be available at a later time. *See* Mark H. Alcott, *Obtaining Evidence from U.S. Courts for Use in Cross–Border Disputes*, Int'l L. Practicum, Autumn 2008, at 118 (2008).

Hence, FRCP 27 "properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *See Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). Examples from the federal court system include when a witness will be unavailable because of infirmity or age, *see Lucas v. Judge Advocate Gen., Naval Criminal Investigative Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007), *affirmed*, 279 Fed. Appx. 11 (DC Cir. 2008); or, when a proposed deponent suffers from heart-related problems and diseases, *In re Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68, 70 (M.D. Pa. 1991); or, for crew members of a vessel that is preparing to leave port. *In re Deiulemar di Navigazione*, 153 F.R.D. 592, 593 (E.D. La. 1994). In sum, to have a valid pre-litigation petition, the testimony or information sought must be at risk of loss, and consequently, have a valid reason for perpetuation.

Significant to this line of analysis is that Courts generally agree that it is an abuse of Rule 27 to permit it to be used for the purpose of discovery before an action is commenced. 8A *Fed. Prac. & Proc. Civ.* § 2071 (3d ed. 2016). Accordingly, the rule does not enable parties to fish for a ground to bring a suit and such use would be an "[a]buse of the rule." *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961).

Allstate explains in its petition that it needs pre-litigation deposition to permit it to complete its investigation into the accident and the Respondents' claimed injuries. It continues that without the deposition it cannot complete its investigation, make an informed decision regarding the subrogation claims, and evaluate the parties' claims. This appraisal does not provide any rationale for perpetuating the testimony through a pre-litigation deposition. Allstate has provided no support that this testimony or documentation is at risk of being lost. Indeed Allstate's rationale is merely the typical considerations made by any party deciding whether to file a claim. Consequently, because Allstate has provided no reason that Bryant and Brown's testimony must be perpetuated, it has not met the burden to permit the grant of a CR 27.01 motion.

We now address the language in CR 27.01(1) "a verified petition." Verification is the confirmation of the correctness, truth, or authenticity of a pleading by affidavit, oath, or deposition. Under Kentucky Rules of Civil Procedure, verification is the

exception, not the rule. The rules specifically require verification in three instances: (1) a request for a warning order attorney, (2) a proceeding to perpetuate testimony, and (3) an action in which a temporary restraining order is sought. 11 *Ky. Prac. Civ. Proc. Forms § 8:1* (2016). In the matter at hand, the petition filed by Allstate was not verified. Again, Allstate failed to comply with the strictures of CR 27.01.

■ The next issue for our attention is the issue of notice and a hearing. The process for notice and a hearing is found in the language below:

> The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for an order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the county in the manner provided in Rule 4 for service of summons;

CR 27.01(2). In this matter, the trial court granted the petition on the same day that Bryant and Brown were served. Furthermore, no hearing was ordered. Indisputably, Bryant and Brown had no time to respond to the petition before it was granted.

This inability to respond to the petition is problematic. First, the Jefferson Circuit Court Rule 401, KY JPR Rule 401 states that "[a]n opposing party shall have twenty (20) days from the certification date on the motion to respond." Twenty days was not provided to Bryant and Brown. Additionally, the language regarding whether a hearing is mandatory is ambiguous. It is unclear whether Allstate could or should have requested a hearing, or in the alternative, Bryant and Brown, could have responded to the petition by moving for a hearing. Nonetheless, at a minimum, the language of the rule anticipates that a hearing will be held. And at least one federal court has held that a hearing is mandatory under the federal counterpart, FCRP 27(a). *In re I–35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 353, 68 Fed.R.Serv.3d 1410 (D. Minn. 2007).

Granting a petition prior to service or on the same day service is made is not reasonable in most circumstances and certainly not when the remedy sought is not routine but exceptional. Under these circumstances, Bryant and Brown were not given adequate notice to respond to Allstate's petition. *See In re Solorio*, 192 F.R.D. 709 (D. Utah 2000). Further, given the language of both the state and the federal civil rules, it seems that typically a hearing would be held to determine whether a pre-action deposition would be necessary to perpetuate testimony that might be lost.

■ Finally, we address Allstate's contention that Bryant and Brown failed to preserve any errors, and thus, the review, according to them, is under CR 61.02, a review for palpable error. Pursuant to CR 61.02 palpable error is an error which has not been preserved but is a defect which affects the substantial rights of the parties. The record of this matter, a CR 27.01 petition, however, consists entirely of the petition and the order granting the petition. It was the only matter pending in the action, and as such, an appeal from the grant of the petition preserves the argument.

■ Having determined that the matter is preserved, we now address the standard of review. Some federal courts have determined that the standard of review is based on the "abuse of discretion" standard. *See Ash v. Cort*, 512 F.2d 909, 912

(3d Cir. 1975). The wording of our statute is as follows:

> If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories.

CR 27.01(3). This language demonstrates that the trial court judge has the discretion to determine the efficacy of granting such a petition. Hence, the standard of review is to determine whether the trial court abused its discretion.

It is well-established that the "test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Kaminski v. Bremner, Inc.*, 281 S.W.3d 298, 304 (Ky. App. 2009)(citations omitted). Here, we hold that the trial court did abuse its discretion for not following the strictures of the civil rule. In particular, the trial court granted the petition without ascertaining whether Allstate had a cognizable action against Bryant and Brown; without determining whether any testimony was in danger of being lost, and thus, needed perpetuation pre-action; without insisting that the petition be verified; by granting the petition prior to notice being served on the adverse party; and finally, by its failure to decide whether a hearing was necessary.

Consequently, for the aforementioned reasons, we reverse the decision of the Jefferson Circuit Court granting the CR 27.01 petition.

ALL CONCUR.