# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 26, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000256-MR

DATE 5/17/18 Kim Redmon, DC

RICK ROE                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS

V.                          2017-CA-000315-OA
FAYETTE CIRCUIT COURT NO. 11-CI-03546

HON. THOMAS L. CLARK, JUDGE,                      APPELLEE
FAYETTE CIRCUIT COURT

AND

B. DAHLENBURG BONAR, PSC
AND BARBARA BONAR                     REAL PARTIES IN INTEREST

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant Rick Roe appeals from a Court of Appeals' order denying his petition for a writ of mandamus compelling Judge Thomas L. Clark of the Fayette Circuit Court to enter a protective order regarding discovery in a suit that Roe brought against his former attorney, Barbara D. Bonar. Having reviewed the record and applicable law, we affirm the Court of Appeals.

### STATEMENT OF FACTS

In 2003, Rick Roe (a pseudonym) hired Barbara Bonar to represent him in pursuing a claim against the Roman Catholic Diocese of Covington arising from sexual abuse Roe suffered as a child. Roe did not want anyone, including

his family, to know that he had been abused by a priest. In keeping with Roe's objective to pursue his claim without having to be identified publicly, Bonar negotiated a private settlement with the Diocese for $175,000.

Eight years later, in 2011, Roe sued Bonar and her law firm, D. Dahlenburg Bonar, PSC (collectively "Bonar") in Fayette Circuit Court alleging she had fraudulently induced him to opt out of a class action styled *Doe et al. v. Roman Catholic Diocese of Covington, et al.*, Boone Circuit Court No. 03-CI-181 ("the Class Action"). Roe alleges that had he participated in the Class Action he would have received damages that were several times the amount he recovered in the private settlement. Roe claims that Bonar had conflicts of interest arising from her relationship with the Diocese as well as her status as one of the attorneys of record in the Class Action. He maintains that the private settlement for a nominal amount relative to the value of his claim was of substantial financial benefit to the Diocese (and Bonar, because she received more attorney fees) and substantial detriment to him. On these same facts, he alleges entitlement to a civil recovery pursuant to Kentucky Revised Statute ("KRS") 446.070 for Bonar's alleged violation of KRS 514.040(1), the criminal statute pertaining to theft by deception. Bonar denies these allegations.

Bonar moved for summary judgment against Roe in 2014, contending that his claims were long-barred by the one-year statute of limitation. Roe insisted that he had no knowledge of the favorable Class Action settlement and his claim against Bonar until sometime in the year preceding his filing of his suit in Fayette Circuit Court, so his case was timely filed. The Court denied

2

the summary judgment motion and the parties attempted settlement. In January 2017, when it appeared a settlement could not be reached, Bonar's counsel began seeking discovery, including depositions from Roe's family members – his ex-wife, children, siblings and other family members. This initiation of discovery as to Roe's family members is the source of the dispute that led to the writ action.

Roe sought a protective order from the trial court pursuant to Kentucky Civil Rule ("CR") 26.03 preventing Bonar from "interviewing, contacting in any manner, subpoenaing, deposing or serving any type of discovery on Roe's ex-wife, children, siblings, or any other family members." Roe maintains that his family is still unaware of his childhood sexual abuse and any claims he has asserted or is asserting stemming from that abuse, and that he does not want this confidential "information of a ruinous nature" revealed to his family through Bonar's discovery efforts. Bonar opposed the broad protective order on several grounds and denied that the discovery was sought for any improper purpose, such as to force Roe to drop the suit or settle for less.

Judge Clark denied the protective order noting, first, that Roe had brought the action and should have anticipated that Bonar would conduct discovery regarding his claims against the Diocese and against Bonar. Second, the judge observed that the statute of limitation defense was still viable, and it was appropriate for Bonar to discover what Roe knew and when he knew it as to his fraudulent inducement claim against his former attorney. Finally, determining whether Roe would have fared better under the Class Action

3

settlement required some discovery about his specific sexual abuse claim, the period of abuse and other matters about which family members may have knowledge.

Following denial of his motion for a protective order, Roe brought an original writ action against Judge Clark in the Kentucky Court of Appeals seeking to stay discovery. That Court denied intermediate relief pursuant to CR 76.36(4) and later denied the petition for mandamus. Roe argues that his family members do not possess any relevant information and that the merits of his underlying sexual abuse claim are not relevant to his claims against Bonar. Although the Court of Appeals acknowledged that overly broad discovery can fall under the special cases exception to our writ standard, it found no basis to justify the blanket discovery prohibition sought by Roe. The Court reasoned the underlying claim against the Diocese was relevant insofar as it directly impacted Bonar's work on Roe's behalf, and that the statute of limitation defense was potentially viable. Family members could have relevant information regarding both matters. The Court stated: "While Roe's desire for anonymity is understandable, a lawsuit is a public event. Roe's desire for anonymity as a plaintiff does not entitle him to control the defendant's ability to independently investigate the claims and assemble a defense." Finding no abuse of discretion in the trial court's denial of the protective order, the Court of Appeals denied the writ. This appeal followed.

4

## ANALYSIS

A writ is an extraordinary remedy and consequently this Court has always been cautious in granting such relief. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). As we stated in *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004),

> [a] writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

The second class of writ, where a lower court is acting within its jurisdiction but erroneously, is invoked in cases such as this one where an order regarding discovery is at issue.

Looking first at whether the trial court was acting erroneously, CR 26.02 addresses relevancy in the context of discovery and provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.] . . ." A trial court's order regarding discovery is reviewed for an abuse of discretion. *Southern Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 931 (Ky. 2013). Like both lower courts, we view the discovery from Roe's family members as potentially relevant to both Roe's initial claim against the Diocese and his later awareness of a potential claim against Bonar – the lingering statute of limitation issue. A broad

5

protective order, walling off discovery from all of Roe's family members, clearly would interfere with the proper scope of discovery in this matter.

Moreover, "a protective order against discovery is appropriate only upon proof that it is 'being conducted in bad faith or in such manner to annoy, embarrass, or oppress the person subject to the inquiry.'" *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777, 779 (Ky. 1993) (*quoting Hickman v. Taylor*, 329 U.S. 495 (1947). None of these objectionable behaviors is present here. Instead, Bonar simply seeks relevant discovery to defend against the fraudulent inducement and criminal theft charges that Roe has alleged. Roe was one of many child victims in an ongoing sexual abuse scandal and his interest in privacy is certainly understandable but it cannot be the basis for allowing him to dictate the contours of discovery in a case he chose to file. The trial court did not abuse its discretion in denying the requested protective order.

Because the trial court is not acting erroneously, Roe is not entitled to a writ. We affirm the Court of Appeals' denial of the petition for a writ of mandamus in this matter.

All sitting. All concur.

6

COUNSEL FOR APPELLANT:

James M. Gary
Weber & Rose, PSC


COUNSEL FOR REAL PARTIES IN INTEREST:

Craig Christman Dilger
Christopher E. Schaefer
Stoll Keenon Ogden PLLC