# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## PEOPLE v WASHINGTON

Docket No. 160707. Argued on application for leave to appeal on April 7, 2021. Decided July 29, 2021.

In 2004, Gregory C. Washington was convicted following a jury trial in the Wayne Circuit Court of second-degree murder, MCL 750.37; two counts of assault with intent to commit murder (AWIM), MCL 750.83; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and being a felon in possession of a firearm (felon-in-possession), MCL 750.224f. The court, Patricia P. Fresard, J., sentenced defendant as a second-offense habitual offender, MCL 769.10, to 40 to 60 years in prison for second-degree murder; the 40-year minimum sentence was a 12-month upward departure from the sentencing guidelines range. The trial court also sentenced defendant to life in prison for AWIM, 2 to $7^1/_2$ years in prison for felon-in-possession, and 2 years in prison for felony-firearm. Washington appealed his convictions and sentences in the Court of Appeals. In an unpublished opinion issued June 13, 2006 (Docket No. 260155), the Court affirmed defendant's convictions but remanded the case for resentencing because the trial court had failed to articulate substantial and compelling reasons for its departure from the second-degree murder sentencing guidelines. Before defendant was resentenced, he filed an application for leave to appeal in the Supreme Court. While the Supreme Court was considering defendant's application, the trial court resentenced defendant, and he applied in the Court of Appeals for leave to appeal his new sentence. The Supreme Court ultimately denied defendant's application for leave to appeal his original convictions. 477 Mich 973 (2006). After the Court of Appeals also denied defendant's application for leave to appeal, he filed his second application for leave to appeal in the Supreme Court, which was also denied. 480 Mich 891 (2007). Defendant then filed a motion in the trial court for relief from judgment, which the trial court denied. Defendant applied for leave to appeal that decision in the Court of Appeals, which denied his application; the Supreme Court denied his application to appeal the Court of Appeals' denial. 486 Mich 1042 (2010). In June 2016, after exhausting all available postconviction relief, defendant filed a second motion for relief from judgment in the trial court, arguing that the trial court had lacked jurisdiction to resentence him in 2006 because his application for leave to appeal in the Supreme Court was pending at the time. The trial court agreed and granted the motion, vacated defendant's sentence, and ordered resentencing. The prosecution appealed. The Court of Appeals, O'BRIEN, P.J., and JANSEN and STEPHENS, JJ., upheld the trial court's ruling in a published per curiam opinion, holding that although defendant's successive motion for relief from judgment was barred by MCR 6.502(G), the trial court had lacked subject-matter jurisdiction to enter the second

judgment of sentence, and it had correctly exercised its inherent power to recognize its lack of jurisdiction when it vacated that judgment and ordered another resentencing hearing. 321 Mich App 276 (2017). The prosecution sought leave to appeal that decision in the Supreme Court. In lieu of granting the application, the Supreme Court vacated the Court of Appeals' decision and remanded the case for reconsideration in light of *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537 (1995). 503 Mich 1030 (2019). On remand, the Court of Appeals, O'BRIEN, P.J., and JANSEN and STEPHENS, JJ., reversed the trial court's 2016 order vacating the 2006 resentencing. The Court noted the differences between a lack of jurisdiction and an error in the exercise of jurisdiction, discussed the two accepted categories of jurisdiction (subject-matter jurisdiction and personal jurisdiction), and cited a Florida law review article that advocated for a third category of jurisdiction to be recognized in Florida—procedural jurisdiction—to refer to the exercise of jurisdiction. The Court analyzed *Luscombe* before concluding that the trial court's resentencing before the remand order took effect was not a structural error caused by a lack of subject-matter jurisdiction but was, instead, error that was procedural in nature and was rendered harmless by the lack of any objection. 329 Mich App 604 (2019). Defendant sought leave to appeal in the Supreme Court. The Supreme Court directed oral argument on the application. 505 Mich 1046 (2020).

In an opinion by Justice CLEMENT, joined by Chief Justice MCCORMACK and Justices BERNSTEIN and CAVANAGH, the Supreme Court, in lieu of granting leave to appeal, *held*:

When a judgment of sentence is appealed, the trial court loses subject-matter jurisdiction over those aspects of the case that are involved in the appeal. The restrictions on a trial court's authority in MCR 6.500 *et seq.* only limit a court's ability to review a judgment of conviction and sentence; although MCR 6.502(G)(2) does not contain an exception allowing successive motions for relief from judgment on the basis of jurisdictional errors, a trial court may vacate a judgment of sentence on such a motion when the court recognizes that it lacked subject-matter jurisdiction when the judgment was entered.

1. Subject-matter jurisdiction concerns a court's authority to hear and determine a case; the authority is not dependent on the particular facts of the case but, instead, is dependent on the character or class of the case pending. Michigan's 1963 Constitution and statutes set the authority of circuit courts and appellate courts to hear cases. Article VI, § 13 of the state Constitution provides that circuit courts have original jurisdiction in all matters not prohibited by law. In tandem with the constitutional grant of authority, MCL 600.601(1) provides that circuit courts have the power and jurisdiction over (1) that which was possessed by courts of record at common law, as altered by Michigan's Constitution, statutes, and rules of the Supreme Court; (2) that which was possessed by courts and judges in chancery in England on March 1, 1847, as altered by Michigan's Constitution, statutes, and rules of the Supreme Court; and (3) that which is prescribed by the rules of the Supreme Court. Under these provisions, a circuit court has jurisdiction over all felonies from the bindover from the district court. Article VI, § 10 of Michigan's Constitution provides that the jurisdiction of the Court of Appeals shall be provided by law. In turn, MCL 600.308(1) provides that the Court of Appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court, court of claims, and probate court. Thus, circuit courts have original jurisdiction and the Court of Appeals has appellate jurisdiction. MCR 7.215(F)(1)(a) provides that a Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court.

2. *People v George*, 399 Mich 638 (1977), controlled the outcome of the case. Analyzing former court rule GCR 1963, 802.1, the *George* Court concluded that the circuit court had lost jurisdiction over a case once an appeal had been filed in the Court of Appeals and that jurisdiction would not revest in the circuit court until the Supreme Court resolved the prosecution's pending application for leave to appeal that decision; accordingly, until the pending application was addressed, the circuit court lacked jurisdiction to retry the defendant. Under our present rule, MCR 7.203(A), which is materially similar to the court rule analyzed in *George*, the Court in *People v Swafford*, 483 Mich 1 (2009), likewise concluded that the circuit court lacked jurisdiction to try or convict the defendant when the defendant's application was still pending in the Supreme Court. A trial court's original jurisdiction is fundamentally incompatible with an appellate court's appellate jurisdiction. To that end, a trial court is divested of subject-matter jurisdiction over those aspects of the case involved in an appeal; this rule preserves the integrity of the appellate process and prevents confusion related to having the same matter before two courts at the same time. Although both state and federal courts often use the term "jurisdiction" imprecisely—referring to subject-matter jurisdiction, personal jurisdiction, and a court's general authority to take action—the *George* Court's consistent use of the term "jurisdiction" and the facts of the case support the conclusion that the Court was referring to subject-matter jurisdiction, not to its exercise of jurisdiction. Although there is a presumption against divesting a court of its jurisdiction once it has attached, that presumption applies to the acquisition and retaining of original jurisdiction among trial courts, not to the transfer of jurisdiction during the appellate process. In this case, defendant's appeal of the trial court's judgment of sentence divested the trial court of subject-matter jurisdiction of those aspects of the case involved in the appeal. Jurisdiction remained with the appellate courts after the Court of Appeals' 2006 judgment, which included a remand for resentencing, until the Supreme Court disposed of defendant's application for leave to appeal the Court of Appeals' judgment. The Court of Appeals' decision in *Luscombe* did not undermine *George* because it was factually distinguishable: *Luscombe* involved the trial court acting before the Court of Appeals could complete a custodial task with no substantive impact while in *George*, the trial court acted before the Supreme Court rendered a decision on a party's pending application, a decision with the potential for fundamental substantive impact. Therefore, the trial court lacked subject-matter jurisdiction when it resentenced defendant in 2006 before the Supreme Court rendered a decision on defendant's application.

3. Defects in a court's subject-matter jurisdiction render a judgment void *ab initio*. Courts must take notice of the limits of their authority and act accordingly at any point in the proceedings, whether in the trial court, on direct appeal, or on collateral attack. The lack of subject-matter jurisdiction cannot be ignored for purposes of finality because the existence of subject-matter jurisdiction concerns the trial court's authority to bind the parties to the action at hand. MCR 6.501 provides that a judgment of conviction and sentence entered by the circuit court that is not subject to appellate review under Subchapters 7.200 or 7.300 may be reviewed only in accordance with MCR 6.500 *et seq*. Other than the two exceptions in MCR 6.502(G)(2) (a retroactive change in law that occurred after the first motion for relief from judgment was filed or a claim of new evidence that was not discovered before the first such motion), MCR 6.502(G)(1) provides that one and only one motion for relief from judgment may be filed with regard to a conviction. The MCR 6.500 *et seq*. restrictions on a trial court's authority only limit a court's ability to review a judgment of conviction and sentence, and although MCR 6.502(G)(2) does not contain an exception for jurisdictional errors, a trial court may vacate a judgment of sentence on a successive

motion for relief from judgment when the court recognizes that it lacked subject-matter jurisdiction when the judgment was entered. In this case, the 2006 resentencing judgment was void *ab initio* because the trial court lacked subject-matter jurisdiction to resentence defendant while defendant's application was pending in the Supreme Court. Thus, there was no valid sentence to review in 2016, and MCR 6.501 did not limit the trial court's authority to recognize and remedy a subject-matter jurisdiction error even though it was raised in a successive motion for relief from judgment. Accordingly, the trial court did not err when it granted defendant's successive motion for relief from judgment, vacated defendant's 2006 sentence, and ordered resentencing; the Court of Appeals' judgment to the contrary was reversed.

Reversed and remanded for resentencing.

Justice VIVIANO, joined by Justices ZAHRA and WELCH, dissenting, disagreed with the majority's conclusion that the trial court lacked subject-matter jurisdiction to resentence defendant in 2006 while his application was pending in the Supreme Court. Subject-matter jurisdiction is the right of a court to exercise judicial power over a class of cases and can generally be decided at the outset on the basis of the pleadings; subject-matter jurisdiction is not about the particular case before the court but, rather, the abstract power to try a case of that kind or character. Subject-matter jurisdiction is distinct from claims-processing rules, the elements of a cause of action, and a trial court's erroneous exercise of jurisdiction. Article VI, § 13 of Michigan's Constitution and MCL 600.601 define the class of cases over which circuit courts have subject-matter jurisdiction. While circuit court jurisdiction over a particular subject matter can only be denied by those provisions, it is presumed that a circuit court continues to have subject-matter jurisdiction unless divestiture is required by the clear mandate of law, with any doubt resolved in favor of retaining jurisdiction. Our court rules did not divest the trial court of subject-matter jurisdiction while defendant's application was pending in the Supreme Court. MCR 7.208(A)—which provides that after a claim of appeal is filed or leave to appeal is granted the trial court or tribunal may not set aside or amend the judgment or order appealed from except in a few enumerated circumstances— is the only rule that restricts a trial court's authority while a case is on appeal, and nothing in that rule purported to divest the trial court of subject-matter jurisdiction. MCR 7.208 does not distinguish between classes of cases. Two court rules, MCR 7.215(F)(1)(a) and MCR 7.305(C)(7)(a), restrict a trial court's power when a case is before the Supreme Court, but those rules also did not divest the trial court of subject-matter jurisdiction in this case. Under MCR 7.215(F)(1)(a), a Court of Appeals judgment is not effective until after the time for filing an application in the Supreme Court has passed or after the Supreme Court has otherwise disposed of the case; the rule only concerns the effectiveness of the Court of Appeals' judgment, not the trial court's authority or subject-matter jurisdiction. In turn, MCR 7.305(C)(7) provides that when a Court of Appeals judgment remands to the trial court for further proceedings in an appeal by right or by leave granted, the case is automatically stayed on remand unless ordered otherwise by the Court of Appeals or the Supreme Court. The necessity of a stay in that situation simply stops, temporarily, the trial court from taking actions it would otherwise be empowered to take. Thus, neither court rule strips a trial court of subject-matter jurisdiction or speaks to the general class of cases a circuit court can hear. Justice VIVIANO disagreed with the majority's interpretation of the Court's holding in *George*; contrary to the majority's assertion, *George* did not suggest that its use of the term "jurisdiction" referred to subject-matter jurisdiction rather than the court's mere legal power or authority to act. The majority's interpretation of *George* ignored the persuasive reasoning from other states that have concluded that trial courts are not divested of subject-matter

jurisdiction during any appeal. The majority's decision effectively carved out an exception to the subject-matter jurisdiction granted to circuit courts by Michigan's Constitution, statutes, and court rules. Justice VIVIANO would have held that the trial court had subject-matter jurisdiction over the case when it was before that court and did not lose that jurisdiction when defendant filed his application in the Supreme Court in 2006.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED July 29, 2021

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v                                                                    No. 160707

GREGORY CARL WASHINGTON,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CLEMENT, J.

At issue in this case is whether the trial court lacked subject-matter jurisdiction when it resentenced defendant in 2006 pursuant to a Court of Appeals order while defendant's application for leave to appeal that order was still pending in this Court. We hold that it did. We also hold that the trial court did not err 10 years later in 2016 when it granted defendant relief on this ground, which was raised in defendant's successive motion for relief from judgment.

## I. FACTS AND PROCEDURAL HISTORY

In November 2004, defendant, Gregory C. Washington, was convicted of second-degree murder, MCL 750.317; two counts of assault with intent to commit murder (AWIM), MCL 750.83; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and felon in possession of a firearm (felon-in-possession), MCL 750.224f. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 40 to 60 years' imprisonment for the second-degree murder conviction; the 40-year minimum sentence was a 12-month upward departure from the sentencing guidelines range. The trial court also sentenced defendant to concurrent life sentences for each AWIM conviction, to 2 to $7^{1}/_{2}$ years' imprisonment for the felon-in-possession conviction, and to a mandatory consecutive 2 years' imprisonment for the felony-firearm conviction.

The Court of Appeals previously described the relevant procedural history of this case as follows:

> On January 7, 2005, defendant appealed as of right his convictions and sentences on a number of grounds.[2] Relevant here, defendant challenged the propriety of the trial court's upward departure from the sentencing guidelines range for second-degree murder without stating on the record "substantial and compelling reasons" for the departure as required under MCL 769.34(3).[3] In a June 13, 2006 unpublished opinion, [the Court of Appeals] affirmed defendant's convictions, but agreed that "the trial court did not satisfy MCL 769.34(3) when imposing a sentence outside the prescribed sentencing guidelines range." *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2006 (Docket No. 260155), p 8. [The Court of Appeals] remanded for resentencing, directing the trial court to reconsider the propriety of its sentence and articulate substantial and compelling reasons for any departure as required by MCL 769.34(3). *Id*. at 8-9.
>
> On August 8, 2006, defendant filed an application for leave to appeal in the Michigan Supreme Court. On October 4, 2006, while the application was still pending, the trial court resentenced defendant pursuant to [the Court

of Appeals'] June 13, 2006 opinion and remand, imposing identical sentences and offering a number of justifications for the departure. The Supreme Court denied defendant's application for leave to appeal on December 28, 2006. *People v Washington*, 477 Mich 973 (2006).

On December 4, 2006, about three weeks before the Supreme Court denied defendant's initial application, defendant filed in [the Court of Appeals] a delayed application for leave to appeal the resentencing order, again arguing that the trial court failed to articulate on the record the required "substantial and compelling reasons" for the upward departure from defendant's sentencing guidelines for second-degree murder. [The Court of Appeals] denied defendant's application "for lack of merit." *People v Washington*, unpublished order of the Court of Appeals, entered May 4, 2007 (Docket No. 274768). Defendant filed an application for leave to appeal in the Michigan Supreme Court on June 28, 2007, which that Court denied. *People v Washington*, 480 Mich 891 (2007).

Several months later, on March 25, 2008, defendant filed a motion for relief from judgment in the trial court pursuant to MCR 6.502, raising claims of (1) insufficient evidence, (2) denial of his right to present an insanity defense, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. On July 9, 2008, the trial court denied defendant's motion under MCR 6.508(D)(3) for failure to demonstrate good cause for not raising the issues in a prior appeal and failure to show actual prejudice. [The Court of Appeals] denied defendant's July 8, 2009 delayed application for leave to appeal the trial court's decision, *People v Washington*, unpublished order of the Court of Appeals, entered October 19, 2009 (Docket No. 292891), and the Michigan Supreme Court denied defendant leave to appeal [the Court of Appeals'] denial, *People v Washington*, 486 Mich 1042 (2010).

On June 22, 2016, after exhausting all available postconviction relief, defendant filed his second motion for relief from judgment—the motion giving rise to the instant appeal. Defendant challenged his sentences on jurisdictional grounds, arguing that the trial court's October 4, 2006 order after resentencing was invalid because the court lacked jurisdiction to resentence defendant while his application remained pending before the Michigan Supreme Court. In response, the prosecution argued that defendant's successive motion for relief from judgment was clearly barred by MCR 6.502(G), which prohibits successive motions for relief from judgment unless there has been a retroactive change in the law or new evidence has been discovered. In a November 22, 2016 written order and opinion, the trial court indicated its agreement with the prosecution's

3

argument but noted that the prosecution had failed to address the jurisdictional issue, which "may be raised at any time." The trial court concluded that under MCR 7.215(F)(1)(a), MCR 7.305(C)(6)(a), and relevant caselaw, it had lacked jurisdiction to enter the October 4, 2006 judgment of sentence. The trial court granted defendant's motion, vacated defendant's sentences, and ordered resentencing.[4]

---

[2] Defendant's issues on appeal included ineffective assistance of trial counsel for failure to raise an insanity defense and failure to file a motion for a new trial based on the assertion that defendant's convictions were against the great weight of the evidence, violation of a sequestration order by the prosecution's witnesses, and prosecutorial misconduct.

[3] On the date of defendant's sentencing, MCL 769.34(3) provided that "[a] court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3) was later struck down in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), and the substantial and compelling reason requirement was replaced with a requirement that a departure be reasonable.

[4] Defendant also requested that, on resentencing, the trial court determine the applicable guidelines range for both defendant's second-degree murder conviction and his AWIM convictions and take them into account pursuant to *Lockridge*, 498 Mich 358. The trial court concluded that defendant was not entitled to any relief under *Lockridge* because the rule articulated in that case does not retroactively apply to sentences on collateral review. Defendant does not challenge this decision on appeal.

---

[*People v Washington*, 321 Mich App 276, 279-282; 908 NW2d 924 (2017).]

The Court of Appeals affirmed the trial court's order. *Id*. at 278. The Court held that "[i]t is indisputable that the trial court lacked jurisdiction" to perform the 2006 resentencing because of the trial court's violation of MCR 7.215(F)(1)(a) and MCR 7.305(C)(6)(a)—i.e., because the trial court resentenced defendant before the Court of Appeals' 2006 remand order was final. *Id*. at 284. The Court also rejected the prosecutor's argument that the trial court's mistake was merely procedural, reasoning that this Court

4

had characterized a similar error as a jurisdictional error in *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009). *Id.* at 285. Because the trial court lacked subject-matter jurisdiction when it resentenced defendant, the Court concluded that the trial court's resentencing was void. *Id.*

With regard to the manner in which defendant's argument was raised—a successive motion for relief from judgment—the Court of Appeals agreed with the prosecutor that MCR 6.502(G)(2) provides only two exceptions to the prohibition of successive motions for relief from judgment and that neither of the two exceptions encompasses errors in subject-matter jurisdiction. *Id.* at 286. However, the Court disagreed that the trial court impermissibly created a third exception to the successive-motion bar through its order vacating the judgment of sentence and ordering resentencing. *Id.* Instead, the Court reasoned that the trial court had properly used its "inherent power to 'recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise' " of power. *Id.*, quoting *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002).

The prosecutor applied for leave to appeal in this Court, and we heard oral argument on the application in October 2018. *People v Washington*, 905 NW2d 597 (2018). We vacated the previous judgment of the Court of Appeals and remanded back to that court for reconsideration in light of *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537; 539 NW2d 210 (1995). *People v Washington*, 503 Mich 1030 (2019).

On remand, the Court of Appeals reversed the trial court's order vacating the resentencing. *People v Washington (On Remand)*, 329 Mich App 604, 606; 944 NW2d 142 (2019). The Court noted that, despite a recognized difference between a lack of jurisdiction and an error in the exercise of jurisdiction, courts habitually use the term

5

"jurisdiction" generally instead of specifying which type of error is at issue. *Id*. at 611-612. Considering that a lack of jurisdiction renders an action void and that an error in the exercise of jurisdiction renders an action only voidable, this specification is essential. See *id*. The Court of Appeals also extensively cited a law review article that advocated for the recognition in Florida of a third category of jurisdiction—"procedural jurisdiction"—to refer to the exercise of jurisdiction. *Id*. at 612.

The Court of Appeals determined that *Luscombe* concerned an error in the exercise, rather than the existence, of jurisdiction. *Id*. at 613. The Court understood *Luscombe* as "obviously not discussing subject-matter or personal jurisdiction" when analyzing "a trial court's surrendering jurisdiction of a particular case to an appellate court and then reacquiring it after appellate proceedings," because subject-matter and personal jurisdiction do not "come[] or go[] depending on a case's procedural posture[.]" *Id*. The *Luscombe* Court had held that the trial court's premature action in response to the Court of Appeals order at issue—trying the defendant after the period for appeal expired without the filing of an application but before this Court returned the record to the trial court—was merely a procedural error subject to harmless-error review. *Id*.

Ultimately, the Court concluded that "[i]n light of the authorities endeavoring to observe the distinction between the existence of subject-matter jurisdiction and the exercise of it, and in light especially of the Supreme Court's call for deciding this case in accord with *Luscombe*," the trial court's resentencing before the remand order took effect "was not a structural error occasioned by a lack of subject-matter jurisdiction." *Id*. at 614. Instead, the Court determined that the error was "merely procedural in nature" and was "rendered harmless by the lack of any objection." *Id*. Accordingly, the Court of Appeals

6

reversed the trial court's November 22, 2016 order vacating its October 4, 2006 judgment of sentence. *Id.*

Defendant subsequently applied for leave to appeal in this Court, and we directed oral argument on the application regarding the following issues: "(1) whether the trial court's act of resentencing the defendant while an application for leave to appeal was pending in this Court constituted a defect in subject-matter jurisdiction; and (2) if so, whether defects in subject-matter jurisdiction can be challenged in a successive motion for relief from judgment." *People v Washington*, 505 Mich 1046 (2020).

## II. CATEGORIZATION OF ERROR

As the lower courts and parties have agreed, the trial court erred when it resentenced defendant in 2006 while defendant's application for leave to appeal in this Court was pending. Under MCR 7.215(F)(1)(a), "the Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court[.]"[1] In this case, defendant timely filed an application for leave to appeal from the Court of Appeals' 2006 decision,[2] and neither the Court of Appeals nor this Court issued an order

---

[1] See also MCR 7.305(C)(7)(a) (providing that a timely filed application for leave to appeal from a Court of Appeals decision remanding for further proceedings "stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise").

[2] When the Court of Appeals issues an opinion that remands the case to the trial court, MCR 7.305(C)(6)(a) provides that "an application for leave to appeal may be filed within . . . 56 days in criminal cases, after the date of" the opinion. The Court of Appeals issued its opinion remanding for resentencing on June 13, 2006. Defendant filed an application for leave to appeal the Court of Appeals' judgment on August 8, 2006, exactly 56 days later.

7

affecting the automatic stay of the Court of Appeals' judgment. This Court did not render a decision on defendant's application for leave to appeal until December 28, 2006. Accordingly, the Court of Appeals' remand order was not final when the trial court resentenced defendant on October 4, 2006.

At issue for our determination is whether this error is an error of subject-matter jurisdiction. This is a question of law that this Court reviews de novo. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case. *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992). This authority is "not dependent on the particular facts of the case" but, instead, is dependent on the character or class of the case pending. *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (quotation marks, citations, and emphasis omitted).

The courts do not have inherent subject-matter jurisdiction; it is derived instead from our constitutional and statutory provisions. Under Michigan's 1963 Constitution, circuit courts have "original jurisdiction in all matters not prohibited by law . . . ." Const 1963, art VI, § 13. MCL 600.601 similarly provides:

> (1) The circuit court has the power and jurisdiction that is any of the following:
>
> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (c) Prescribed by the rules of the supreme court.

8

In construing these provisions, we have recognized that circuit courts have subject-matter jurisdiction over felony cases. See *Lown*, 488 Mich at 268; MCR 6.008(B) ("The circuit court has jurisdiction over all felonies from the bindover from the district court unless otherwise provided by law.").

The Michigan Constitution and the Legislature also provide for the appellate jurisdiction of the Court of Appeals. "The jurisdiction of the court of appeals shall be provided by law," Const 1963, art VI, § 10, and MCL 600.308(1) accordingly provides that "[t]he court of appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court, court of claims, and probate court . . . ." See also MCR 7.203(A) through (D).

Under these constitutional and statutory provisions, in the present case, the trial court undoubtedly had subject-matter jurisdiction over defendant's case once he was bound over by the district court. See MCR 6.008(B); *Lown*, 488 Mich at 268. Further, the Court of Appeals had appellate jurisdiction over defendant's appeal of right from the trial court's judgment. See MCL 600.308(1). Given the trial court's initial jurisdiction over the case and the Court of Appeals' subsequent appellate jurisdiction, the question this Court must answer is whether the trial court was divested of subject-matter jurisdiction when the Court of Appeals assumed its appellate jurisdiction over the case.

This Court answered this question under the former court rules when it encountered an error similar to the present one in *People v George*, 399 Mich 638, 640; 250 NW2d 491 (1977). Therein, the defendant challenged the jurisdiction of the trial court to retry him while the prosecutor's application for leave to appeal the Court of Appeals' order that remanded the case for retrial was still pending before this Court. *Id*. at 639-640. This

9

Court reasoned that, pursuant to GCR 1963, 802.1,[3] "jurisdiction of this case was vested in the Court of Appeals, and thus removed from the circuit court" upon the defendant's filing of his claim to appeal in the Court of Appeals. *Id*. at 640. And until this Court resolved the prosecutor's pending application for leave to appeal, "jurisdiction is not revested in the circuit court." *Id*. Accordingly, this Court concluded that the trial court lacked jurisdiction to retry the defendant. *Id*. More recently, under the present court rules, we commented that "the trial court did not have proper jurisdiction to bring defendant to trial or convict defendant" when the defendant's application for leave to appeal was still pending before this Court. See *People v Swafford*, 483 Mich 1, 7 n 5; 762 NW2d 902 (2009).

The prosecutor does not argue that *George* should be overturned. Instead, the prosecutor argues that when this Court referred to jurisdiction in *George*, it meant the trial court's exercise of jurisdiction, not the existence of subject-matter jurisdiction.[4] The

---

[3] GCR 1963, 802.1 provided:

> Filing Claim of Appeal; Fees. Every appeal to the Court of Appeals shall be taken by filing a claim of appeal with the Court of Appeals and paying the entry fee required by sub-rule 822.3(1). A docket number shall thereupon be assigned to such appeal by the clerk of the Court of Appeals. See also sub-rule 803.5. The Court of Appeals shall thereupon have jurisdiction of the case. No such appeal shall be dismissed except on stipulation, on special motion and notice, or by the Court of Appeals on its own motion, subject, however, to the provisions of Rule 809.

[4] To the extent that the prosecutor also argues that *George* concerned the 1963 court rules and is therefore not applicable to the present court rules, we disagree. GCR 1963, 802.1, upon which this Court based its decision in *George*, provided that "[t]he Court of Appeals shall . . . have jurisdiction of the case" after the filing of a claim of appeal. MCR 7.203(A) similarly provides that the Court of Appeals "has jurisdiction of an appeal of right filed by an aggrieved party . . . ." The prosecutor fails to identify a material difference in this

10

prosecutor is correct that there is a widespread and unfortunate practice among both state and federal courts of using the term "jurisdiction" imprecisely, to refer both to the subject-matter and the personal jurisdiction of the court, and to the court's general authority to take action. See *Union Pacific R Co v Brotherhood of Locomotive Engineers & Trainmen*, 558 US 67, 81; 130 S Ct 584; 175 L Ed 2d 428 (2009) ("Recognizing that the word 'jurisdiction' has been used by courts, including this Court, to convey 'many, too many, meanings,' we have cautioned, in recent decisions, against profligate use of the term.") (citation omitted). See also *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544-545; 260 NW 908 (1935). However, there are no indications in the *George* opinion that this Court was engaging in such casual use of the term jurisdiction. In fact, the language used by this Court in the *George* opinion—its consistent use of the term "jurisdiction" rather than "power" or "authority," as well as its consistent use of the term "vest"—affirmatively indicates otherwise. See *George*, 399 Mich at 640; see also *Detroit Police Officers Ass'n v Detroit*, 419 Mich 1207 (1984) (citing *George* in support of the conclusion that "[a]ny action by the trial court setting aside its order granting defendant's motion for summary

_____

language, and we identify none. The remainder of the court rules cited by this Court in *George* are superfluous to its holding, but those also have parallel provisions in the contemporary rules and contain no language alterations material to the issue on appeal. Compare, e.g., 1963 GCR, 853.2(1) (establishing the timeliness requirements for an application for leave to appeal in this Court) with MCR 7.205 (same). See also *Swafford*, 483 Mich at 7 n 5 (stating in dicta that under the current court rules, the trial court "did not have proper jurisdiction to bring defendant to trial or convict defendant" given that the defendant's application for leave to appeal the Court of Appeals' decision was still pending).

11

deposition [taken while an application for leave to appeal was pending in this Court] is void for want of jurisdiction").[5]

Further, the circumstances in *George* support the conclusion that this Court was indeed referring to the existence of subject-matter jurisdiction and not to its exercise of jurisdiction. When the trial court was attempting to retry the defendant, this Court, through the prosecutor's application for leave to appeal, had the ability to greatly alter the course of the case, including obviating the need for retrial. It is this fundamental incompatibility between the trial court's original jurisdiction and the appellate court's appellate jurisdiction that has led many of our sister courts to hold that "[t]he effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court . . . ." *Varian Med Sys, Inc v Delfino*, 35 Cal 4th 180, 197; 106 P3d 958 (2005) (quotation marks and citation omitted). . See also *In re Whispering Pines Estates, Inc*, 369 BR 752, 757 (Bankr CA 1, 2007) ("The purpose of the general rule is to avoid the confusion of placing the same matter

_____

[5] Although the usage of these terms is not wholly consistent, generally, the terms "vest" and "jurisdiction" are used to refer to the existence of jurisdiction. See, e.g., *Paley v Coca Cola Co*, 389 Mich 583, 599; 209 NW2d 232 (1973) (discussing the subject-matter jurisdiction of the circuit court and using the terms "vest," "vested," and "jurisdiction" rather than "power" or "authority"); *Campbell v St John Hosp*, 434 Mich 608, 613-614; 455 NW2d 695 (1990) (same); *Davis v Dep't of Corrections*, 251 Mich App 372, 374, 378; 651 NW2d 486 (2002) (same). In contrast, the terms "power" and "authority" are generally used to refer to errors in the exercise of jurisdiction and other nonjurisdictional errors. See, e.g., *People v Comer*, 500 Mich 278, 292-293; 901 NW2d 553 (2017) (discussing a trial court's nonjurisdictional error using the language "authorized" and "authority" rather than "vest" and "jurisdiction"). Similarly, the conclusion in *Detroit Police Officers* that the trial court's action was "void for want of jurisdiction" suggests that *George* held that filing an application for leave to appeal deprives a trial court of subject-matter jurisdiction because an error in subject-matter jurisdiction renders the trial court's actions void. *Detroit Police Officers*, 419 Mich at 1207. See also *Jackson City Bank*, 271 Mich at 544-545.

12

before two courts at the same time and preserve the integrity of the appeal process.").[6] This

reasoning also supports our holding in *George*.[7]

Having clarified *George*, we apply it here to hold that defendant's appeal from the

trial court's 2004 judgment of sentence divested the trial court of subject-matter

jurisdiction over those aspects of the case involved in the appeal. When the Court of

Appeals rendered its 2006 judgment, which included a remand for resentencing,

jurisdiction remained with the appellate courts until this Court's disposition of defendant's

application for leave to appeal the Court of Appeals' judgment. See *George*, 399 Mich at

640; MCR 7.215(F)(1)(a); MCR 7.305(C)(7)(a). The trial court accordingly lacked

---

[6] See also, e.g., *In re Marriage of Chester*, 172 Or App 462, 466; 18 P3d 1111 (2001); *Sports Courts of Omaha, Ltd v Meginnis*, 242 Neb 768, 773; 497 NW2d 38 (1993); *State ex rel Van Dyke Ford, Inc v Cane*, 70 Wis 2d 777, 782; 235 NW2d 672 (1975); *State v Moore*, 225 SW3d 556, 568-569 (Tex Ct Crim App, 2007); *Clark v State*, 727 NE2d 18, 20 (Ind App, 2000); *First American Trust Co v Franklin-Murray Dev Co, LP*, 59 SW3d 135, 142 (Tenn App, 2001). While not holding specifically that the trial court is divested of subject-matter jurisdiction by an appeal, the United States Supreme Court has alluded to the same fundamental incompatibility that motivated our sister courts to so hold. See *Griggs v Provident Consumer Discount Co*, 459 US 56, 58; 103 S Ct 400; 74 L Ed 2d 225 (1982) ("Even before [the] 1979 [Amendments to the Federal Rules of Appellate Procedure], it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[7] The dissent implies that this conclusion is not consistent with the characterization of subject-matter jurisdiction as a court's abstract power to try a class of cases. See *Lown*, 488 Mich at 268 (stating that subject-matter jurisdiction "concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case") (quotation marks, citations, and emphasis omitted). We do not believe this characterization is dispositive regarding the case at hand. Cases may just as easily be organized into classes based on the amount of relief requested or the allegations made as they may be based on whether they are before the trial court or on appeal.

13

subject-matter jurisdiction when it resentenced defendant before this Court rendered a decision regarding defendant's appeal.

The Court of Appeals' decision in *Luscombe*, 212 Mich App 537, does not undermine our application of *George*. In *Luscombe*, the Court of Appeals considered the effect of the trial court's error in proceeding to trial before the return of the record to the trial court following a prior appeal. *Id.* at 538. The Court categorized this error as an error in the exercise of jurisdiction and not an error in the existence of subject-matter jurisdiction. *Id.* at 541-542. It reasoned that "where it is apparent from the allegations of a complaint that the matter alleged is within the class of cases in which a particular court has been empowered to act, subject-matter jurisdiction is present" and "[a]ny subsequent error in the proceedings is only error in the 'exercise of jurisdiction[.]" *Id.* (citation omitted). However, the Court of Appeals also specifically differentiated the error at issue from *George*, stating, "[U]nlike that situation in *George*, . . . no appellate action was pending or available to plaintiff at the time this case came on for trial[.]" *Id.* at 542. The only action available for the Court of Appeals to take was "the clerical process of re-transmission [of the record] to the lower court," as the appeal period to this Court had expired. *Id.* (quotation marks and citation omitted). We agree that the situation in *Luscombe*, wherein the trial court acted before the Court of Appeals could complete a custodial task with no substantive impact, is not analogous to the situation here and in *George*, wherein the trial court acted before this Court could render a decision as to a party's pending application for leave to appeal, a decision with potentially fundamental substantive impact.

Outside *George* and *Luscombe*, the prosecutor argues that because there is a presumption against "divesting a court of its jurisdiction once it has properly attached, and

14

any doubt is resolved in favor of retaining jurisdiction," *People v Veling*, 443 Mich 23, 32; 504 NW2d 456 (1993), the trial court maintains subject-matter jurisdiction over a case as it proceeds to appeal. Even if this position would not require overruling *George*—which it would, and the prosecutor offers no argument in favor of this action—we disagree. *Veling* concerned 1988 amendments of the Revised Judicature Act;[8] those amendments allowed prosecutors to try juvenile defendants accused of certain enumerated crimes in circuit court rather than juvenile court. *Id*. at 25-27. On appeal, this Court considered whether the circuit court maintained jurisdiction to sentence a juvenile offender when the juvenile was convicted only of lesser included nonenumerated offenses at trial and whether the circuit court had jurisdiction in the first instance to try the juvenile defendant for nonenumerated offenses arising from the same transaction as the enumerated offense. *Id*. at 27. This Court answered both issues in the affirmative. *Id*. at 42-43. In so doing, this Court relied, in part, on the principle that "[*i*]*n the exercise of circuit court jurisdiction over adult offenders*, there is a presumption against divesting a court of its jurisdiction once it has properly attached, and any doubt is resolved in favor of retaining jurisdiction." *Id*. at 32 (emphasis added). As the context demonstrates, *Veling* concerned the acquisition and retaining of original jurisdiction among trial courts; it did not concern the transfer of jurisdiction during the appellate process.

Further, even if that presumption existed regarding the vertical movement of a case from trial court to appeal, our jurisdictional rules plainly establish that the circuit court has original jurisdiction and the Court of Appeals has appellate jurisdiction. See Const 1963,

---

[8] MCL 600.101 *et seq*.

15

art VI, § 13; MCL 600.308(1). And while these provisions may not explicitly state that the Court of Appeals' appellate jurisdiction is exclusive to the original jurisdiction of the circuit courts, as discussed earlier, the two are fundamentally incompatible when exercised simultaneously upon the same aspects of a case. Given the plain language of the constitutional and statutory provisions and the incompatibility between appellate jurisdiction of the Court of Appeals and the original jurisdiction of the circuit court, any presumption against divestment would be defeated.

In sum, we find *George* applicable precedent to the case at bar and see no reason to overrule *George* or to narrow its holding. As in *George*, the trial court here lacked subject-matter jurisdiction when it resentenced defendant pursuant to the Court of Appeals order while defendant's application for leave to appeal was pending in this Court.

## III. SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT

Having determined that the trial court lacked subject-matter jurisdiction when it resentenced defendant, we must next determine whether defendant is entitled to relief.

It is a longstanding rule that defects in a court's subject-matter jurisdiction render a judgment void *ab initio*. *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 242; 134 NW2d 146 (1965). Further, this Court has also recognized that courts are bound to take notice of the limits of their authority and act accordingly. See *id*. at 242. Courts may take such action at any point in the proceedings—whether in the trial court, on direct appeal, or on collateral attack—and by their own initiative or upon motion of the parties. See *Attorney General ex rel O'Hara v Montgomery*, 275 Mich 504, 510; 267 NW 550 (1936); *Jackson City Bank*, 271 Mich at 544 ("When there is a want of jurisdiction . . . , the action thereof

16

is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly.").

The prosecutor argues that, despite these longstanding rules rendering the trial court's judgment of sentence void, defendant is not entitled to relief because defendant raised this argument in a successive motion for relief from judgment, and the court rules prohibit consideration of this argument in a successive motion for relief from judgment.[9] Motions for relief from judgment are governed by MCR 6.500 *et seq.* MCR 6.501 provides that "a judgment of conviction and sentence entered by the circuit court not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter." Generally speaking, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1). MCR 6.502(G)(2) provides two exceptions to this prohibition of successive motions for relief from judgment: "a retroactive change in law that occurred after the first motion for relief from judgment was filed or a claim of new evidence that was not discovered before the first such motion."[10] The prosecutor argues that defendant has not alleged either of these

---

[9] This Court reviews a trial court's decision regarding a motion for relief from judgment for an abuse of discretion. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted).

[10] MCR 6.502(G)(2) also provides that "[t]he court may waive the provisions of this rule if it concludes that there is a significant possibility that the defendant is innocent of the crime." This provision is irrelevant to the case at hand because defendant has not presented an argument of actual innocence.

17

exceptions in his successive motion for relief from judgment and that, therefore, MCR 6.502(G)(1) precludes defendant from obtaining relief.

The prosecutor is correct that a lack of subject-matter jurisdiction is not encompassed by either of MCR 6.502(G)(2)'s exceptions to the successive-motion bar of MCR 6.502(G)(1). However, the restrictions on a trial court's authority contained in MCR 6.500 *et seq.* are not implicated here because these provisions only limit a court's ability to review a "judgment of conviction and sentence," and as already discussed, our caselaw establishes that the trial court's judgment of sentence, rendered when the trial court lacked subject-matter jurisdiction, was void *ab initio*. Thus, there was no valid sentence to review, and MCR 6.501 does not limit a trial court's ability to recognize a subject-matter jurisdiction error and remedy it.

Rather, upon defendant's raising of the issue, the trial court had the duty to recognize its lack of subject-matter jurisdiction and act accordingly. See *Fox*, 375 Mich at 242. In light of these longstanding rules, the trial court did not err when it granted relief to defendant. The trial court's judgment of sentence was void and defendant's failure to raise the issue on direct appeal, on his first motion for relief from judgment, or in a habeas petition cannot render the judgment of sentence valid. Unlike other errors that a defendant eventually loses the ability to raise, the lack of subject-matter jurisdiction cannot be ignored for purposes of finality because the existence of subject-matter jurisdiction goes to the trial court's very authority to bind the parties to the action at hand. See *Jackson City Bank*, 271 Mich at 545 (stating that an action taken without subject-matter jurisdiction is void and "of no more value than as though [it] did not exist"). The trial court acted in accordance with its duty to recognize its lack of subject-matter jurisdiction. Therefore, although MCR

18

6.502(G)(2) does not contain an exception for jurisdictional errors, the trial court did not err when it vacated its earlier judgment of sentence and set the matter for resentencing.

## IV. CONCLUSION

The trial court lacked subject-matter jurisdiction when it resentenced defendant in 2006 while defendant's application for leave to appeal was pending in this Court. Accordingly, the 2006 judgment of sentence is void. Further, although defendant raised this argument in a successive motion for relief from judgment and jurisdictional error is not an exception to the successive-motion bar, the trial court did not err by vacating its judgment of sentence and setting the matter for resentencing in 2016. Trial courts are obligated to take notice of their own jurisdictional limits and act accordingly when jurisdiction is lacking, and that is exactly what the trial court did here. Therefore, we reverse the judgment of the Court of Appeals and remand to the trial court for resentencing consistent with its 2016 order.

Elizabeth T. Clement
Bridget M. McCormack
Richard H. Bernstein
Megan K. Cavanagh

19

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                No. 160707

GREGORY CARL WASHINGTON,

      Defendant-Appellant.

_____

VIVIANO, J. (*dissenting*).

      Defendant, Gregory C. Washington, was resentenced in 2006 pursuant to a Court of Appeals judgment.[1]  No one contends that there were substantive defects with either the judgment or the subsequent resentencing.  Nor does anyone claim that the trial court lacked the general authority to resentence in this class of cases.  Nevertheless, the majority grants defendant a pro forma resentencing on the basis that the trial court lacked subject-matter jurisdiction in 2006 because an application to appeal in our Court was pending at the time.  But the relevant constitutional provisions, statutes, and court rules gave the trial court subject-matter jurisdiction over this case and did not divest it of that jurisdiction during the appeal.  Nothing in our precedent requires a contrary conclusion.  Accordingly, I would hold that the trial court did not lack subject-matter jurisdiction when it resentenced defendant in 2006.

_____

[1] *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2006 (Docket No. 260155).

I

Jurisdiction is an elusive concept that has taken on many uses.[2] But the core meaning of subject-matter jurisdiction is clear enough; it is

> the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.[3]

"A court either has, or does not have, subject-matter jurisdiction over a particular case."[4] For example, in a prosecution of breaking and entering, the "subject matter" for purposes of jurisdiction is the crime of breaking and entering.[5] A jurisdictional rule of this nature stands in contrast to claims-processing rules and to a cause of action's elements, which have been commonly mischaracterized as jurisdictional.[6] It is also distinct from a court's

---

[2] See *Kontrick v Ryan*, 540 US 443, 454-455; 124 S Ct 906; 157 L Ed 2d 867 (2004) (" 'Jurisdiction,' the Court has aptly observed, 'is a word of many, too many, meanings.' ") (citation omitted); *Buczkowski v Buczkowski*, 351 Mich 216, 222; 88 NW2d 416 (1958) ("The loose practice has grown up, even in some opinions, of saying that a court had no 'jurisdiction' to take certain legal action when what is actually meant is that the court had no legal 'right' to take the action, that it was in error.").

[3] *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333-334; 901 NW2d 566 (2017) (cleaned up).

[4] *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 204; 631 NW2d 733 (2001).

[5] See *People v Johnson*, 427 Mich 98, 106 n 7; 398 NW2d 219 (1986) (opinion by BOYLE, J.) (" 'The jurisdiction of the [circuit] court over the *subject matter* [(breaking and entering)] [was] not . . . questioned . . . .' ") (cleaned up).

[6] *Hamer v Neighborhood Housing Servs of Chicago*, 583 US__; 138 S Ct 13, 17; 199 L Ed 2d 249 (2017).

2

erroneous *exercise* of jurisdiction.[7]   Given that subject-matter jurisdiction concerns a

court's power to try the type of case before it, the issue of whether the court has that power

generally can be decided at the outset on the basis of the pleadings.[8]

The sources of subject-matter jurisdiction are critical for understanding whether the

trial court here lost that jurisdiction.   Because subject-matter jurisdiction concerns the

abstract power to try classes of cases, "[i]t is fundamental that the classes of cases over

which the circuit courts have subject-matter jurisdiction are defined by this state's

constitution and Legislature."[9]   Under Michigan's 1963 Constitution, circuit courts

> shall have original jurisdiction in all matters not prohibited by law; appellate
> jurisdiction from all inferior courts and tribunals except as otherwise
> provided by law; power to issue, hear and determine prerogative and
> remedial writs; supervisory and general control over inferior courts and
> tribunals within their respective jurisdictions in accordance with rules of the

---

[7] *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW 908 (1935)
(noting the distinction between "a want of jurisdiction, in which case the court has no power
to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case
the action of the trial court is not void although it may be subject to direct attack on
appeal"); *Palmer v Oakley*, 2 Doug 433, 475-476 (1847) ("By issuing and serving a citation
upon the minor, the probate court would have acquired jurisdiction over the subject matter
and the person, and any error of fact committed by him in the exercise of that jurisdiction,
might have justified a reversal of the decree upon appeal ; but such error in judgment would
not render void the decree ; nor could it be successfully assailed in a collateral action.").

[8] See *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211, 217; 884 NW2d 238 (2016)
("Our cases have long held that courts are to determine their subject-matter jurisdiction by
reference to the pleadings.").

[9] *Harris v Vernier*, 242 Mich App 306, 319; 617 NW2d 764 (2000).   See also 1
Restatement, Judgments, 2d, § 11, comment *a*, p 108 ("The authority of courts derives
from constitutional provisions or from statutory provisions adopted in the exercise of a
legislative authority, express or implied, to establish courts and to provide for their
jurisdiction.").

3

supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court.[10]

The general statute on the circuit courts' jurisdiction states, in pertinent part:

> (1) The circuit court has the power and jurisdiction that is any of the following:
>
> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (c) Prescribed by the rules of the supreme court.[11]

More specifically, we have recognized that the circuit courts "unquestionably have jurisdiction over felony cases."[12] "Jurisdiction of a criminal defendant is acquired by the circuit court 'upon the filing . . . of the return of the magistrate before whom [the defendant] had waived preliminary examination' or 'before whom the defendant had been examined[.]' "[13]

Relatedly, we have stated that "[c]ircuit court jurisdiction over a particular subject matter is denied only by constitution or statute."[14] But "[t]he divestiture of jurisdiction

---

[10] Const 1963, art 6, § 13.

[11] MCL 600.601.

[12] *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

[13] *Johnson*, 427 Mich at 106 n 7 (opinion by BOYLE, J.) (cleaned up).

[14] *Campbell v St John Hosp*, 434 Mich 608, 614; 455 NW2d 695 (1990). There is no need to address whether a court rule can divest the circuit courts of subject-matter jurisdiction. The cited constitutional and statutory provisions suggest that the Court has a role, through its rulemaking authority, to specify the circuit courts' jurisdiction. But it is unclear whether

4

from the circuit court is an extreme undertaking."[15]  As a result, "[i]n dealing with statutes intended to affect or claimed to affect the continuance of jurisdiction in courts of original and general authority the law has always recognized a principle of construction which served to favor the retention of jurisdiction."[16]  Thus, we presume that a circuit court continues to have subject-matter jurisdiction unless divestiture is required by the "clear mandate of the law . . . ."[17]  "[A]ny doubt is resolved in favor of retaining jurisdiction."[18]

## II

Here, the trial court clearly had subject-matter jurisdiction over the case when it came before the court.  The question is whether it lost that jurisdiction when defendant filed his application for leave to appeal in this Court.  No constitutional or statutory provision divests the trial court of subject-matter jurisdiction when a party files an application for leave to appeal in this Court.  The only rule that restricts the trial court's

---

this extends to carving out exceptions to jurisdiction given by the Constitution or the statutes.  See 1 Longhofer, Michigan Court Rules Practice, Forms (3d ed), § 2.7, p 31 n 2 ("Mich. Const. 1963, art. 6, § 13 provides that the supreme court may, by court rule, expand the jurisdiction of the circuit court.  In this limited case, jurisdiction may be provided by court rule.").  As I will explain, even assuming our court rules could divest the trial court of subject-matter jurisdiction pending appeals, I do not believe that the rules at issue here have done so.

[15] *Wikman v Novi*, 413 Mich 617, 645; 322 NW2d 103 (1982).

[16] *Crane v Reeder*, 28 Mich 527, 532 (1874); see also *id*. ("As long ago as Charles II, it was laid down as something well settled and understood, that the jurisdiction of the King's bench could not be ousted without particular words in acts of parliament . . . .").

[17] *Wikman*, 413 Mich at 645.

[18] *People v Veling*, 443 Mich 23, 32; 504 NW2d 456 (1993).

5

authority while a case is on appeal to the Court of Appeals is MCR 7.208(A), which states, "After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from" except in a few enumerated circumstances.[19]

But this rule leaves a lot for a trial court to do while a case is on appeal. Indeed, the only limitation concerns the trial court's authority to set aside or amend the judgment or order appealed from, but even those actions can be taken if the Court of Appeals so orders, if the parties agree to it, if a decision on the merits is reached after a preliminary injunction was granted, or as provided by law.[20] In criminal cases in which a claim of appeal has been filed, the trial court also has the power to entertain "a motion for a new trial, for judgment of acquittal, to withdraw a plea, or to correct an invalid sentence."[21] And, in all cases, a trial court has authority to correct defects before the record reaches the Court of Appeals; specifically, "to grant further time to do, properly perform, or correct any act in the trial court or tribunal in connection with the appeal that was omitted or insufficiently done," except for a few things not relevant here.[22]

Nothing in the rule purports to divest the trial court of subject-matter jurisdiction. Indeed, with one exception not germane to this case, the text does not mention the term

_____

[19] Because MCR 7.208 has received some attention in the parties' briefing, I will address it here even though it is located in the chapter on procedures for the Court of Appeals and does not seem to apply to the Supreme Court at all.

[20] MCR 7.208(A).

[21] MCR 7.208(B).

[22] MCR 7.208(C)(1).

6

"jurisdiction" at all.[23]  Instead, it describes the areas in which the trial court lacks continuing powers concerning a case that has gone on appeal; in all other matters, the trial court would retain authority to act in the case.  While two courts might have concurrent subject-matter jurisdiction over a case, I have not discovered any descriptions of subject-matter jurisdiction that treat the concept as applicable to the different actions a court might take in a given case, such that one court has subject-matter jurisdiction to do some things while another court has subject-matter jurisdiction to do others.

Moreover, some of the powers the rule expressly reserves for a trial court are quite significant and inconsistent with the conclusion that the trial court lacks subject-matter jurisdiction.  For example, under MCR 7.208(A)(2), the parties can stipulate to set aside or amend the precise matter that has been appealed.  This gives the trial court, by agreement of the parties, the authority to obviate the appeal altogether.  It is impossible to square such a power with a lack of subject-matter jurisdiction: how can a court, without that jurisdiction, nonetheless enter an order that essentially disposes of the appeal and perhaps the entire case?  Further, these provisions do not distinguish between classes of cases, which is the touchstone of subject-matter jurisdiction.  Consider, too, that if a provision like MCR 7.208(A)(2)—which allows a trial court to set aside or amend the judgment or

---

[23] MCR 7.208(C) uses the term "jurisdiction" with regard to the trial court's power under this rule.  But the term does not invoke subject-matter jurisdiction, i.e., the classes of cases that the trial court can hear.  Nor does the rule suggest that the trial court's jurisdiction over a class of cases is divested when the record reaches the Court of Appeals.  Indeed, even after a record goes to the Court of Appeals, a trial court can undertake corrective actions permitted by the appellate court.  In any event, MCR 7.208(C) is not implicated in the present case.

order appealed by stipulation of the parties—did reendow the trial court with subject-matter jurisdiction, it would upend the longstanding rule that subject-matter jurisdiction cannot arise by the parties' consent.[24] In a similar manner, it would be odd to conclude that the Court of Appeals could, by order, reconfer subject-matter jurisdiction on the trial court under either MCR 7.208(A)(1) or (C).

In addition, MCR 7.208(A) applies only if the appeal is by right or leave to appeal is granted, and MCR 7.208(B) seems to operate under the same limitations.[25] There are no restrictions on the trial court's powers when an application for leave to appeal is filed.[26] This is significant because the action at issue in this case occurred while defendant's application for leave to appeal was pending. Even if MCR 7.208 applies to this Court, it would not have restricted the trial court's power, let alone subject-matter jurisdiction, in the present case.

Instead, the restrictions on the trial court's power when the case is before us come from MCR 7.215(F)(1)(a) and MCR 7.305(C)(7)(a). Under the former, the Court of Appeals' judgment is not "effective" until either the time for filing an application in our Court has passed or we have otherwise disposed of the case. This rule speaks only to the effectiveness of the Court of Appeals' judgment, not to the trial court's authority much less

---

[24] See *People v Phillips*, 383 Mich 464, 469; 175 NW2d 740 (1970) ("Jurisdiction over the subject matter, of course, could not be conferred by consent . . . .").

[25] Although MCR 7.208(B) itself is silent on this point, Subrule (A) states that "[i]n a criminal case, the filing of the claim of appeal does not preclude the trial court from granting a timely motion under subrule (B)."

[26] This framework largely mirrors MCR 7.203(A) and (B): the former states that the Court of Appeals "has jurisdiction of an appeal of right," while the latter gives the Court of Appeals the ability to grant applications for leave to appeal.

8

to subject-matter jurisdiction. At most, it prevents the trial court and the parties from acting upon the Court of Appeals' judgment pending on appeal here.

MCR 7.305(C)(7)(a) is the more significant restriction, but it, too, falls far short of stripping the trial court of subject-matter jurisdiction during the pendency of the appeal here. When a Court of Appeals judgment remands to the trial court for further proceedings in an appeal by right or on leave granted, MCR 7.305(C)(7)(a) imposes an automatic stay on "proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise." For any other type of decision by the Court of Appeals that leads to a remand, there is no such stay per MCR 7.305(C)(7)(b). So in a case like the present one, the trial court lacked the authority to resentence pursuant to the Court of Appeals' judgment only because that judgment was not yet effective pending an automatic stay.

These rules do not work to divest the trial court of subject-matter jurisdiction. They say nothing about jurisdiction. Indeed, we only obtain "jurisdiction" of an appeal once we grant leave.[27] Nor do the rules speak to the general class of cases that a circuit court can hear. There is no doubt that the trial court here had the authority to adjudicate the felony at issue and to resentence defendant. The only thing standing in its way when it resentenced defendant was an automatic stay. The need for a stay affirms the trial court's continuing subject-matter jurisdiction over the case—the stay simply stops, temporarily, the trial court from taking actions it would otherwise have the power to take.[28]

---

[27] MCR 7.305(H)(3) (providing that "jurisdiction over the case is vested" in this Court once leave has been granted).

[28] Cf. *Black's Law Dictionary* (11th ed) (defining "stay" as, in relevant part, "[t]he postponement or halting of a proceeding, judgment, or the like").

9

# III

In reaching the opposite conclusion, the majority heavily relies on its exegesis of *People v George*.[29] The very need for such an extended treatment to uncover the intended meaning of a judicial opinion casts doubt on whether the opinion truly stands for the rule the majority discovers. In *George*, this Court stated that "jurisdiction of this case was vested in the Court of Appeals, and thus removed from the circuit court, when the defendant's claim of appeal was filed in the Court of Appeals . . . ."[30] But, contrary to the majority's assertion, we did not suggest that our use of the term "jurisdiction" referred to subject-matter jurisdiction rather than the court's mere legal power or authority to act.[31]

---

[29] *People v George*, 399 Mich 638, 640; 250 NW2d 491 (1977).

[30] *Id*. The facts of *George* are readily distinguishable from this case. The prosecution's pending application with this Court in *George* concerned whether the Court of Appeals had properly reversed the defendant's conviction on the basis of the admission of improper evidence. See *People v George*, 69 Mich App 403; 245 NW2d 65 (1976). As previously mentioned, MCR 7.215(F)(1)(a), at most, prevents the trial court and the parties from acting upon the Court of Appeals' judgment while it is pending on appeal. Such would be the case in *George* because the trial court was asked to retry the defendant in accordance with the Court of Appeals' judgment that was pending on appeal. In contrast, the trial court here was not acting on the portion of the Court of Appeals' judgment being appealed in this Court. Accordingly, defendant's appeal of his convictions could not have affected defendant's resentencing. If this Court denied defendant's appeal, the resentencing proceedings would not have been affected, and if this Court granted defendant's request for relief, the resentencing proceedings would become irrelevant.

[31] Cf. *Buczkowski*, 351 Mich at 221 (noting that we sometimes used the term in the latter sense). The same goes for *Detroit Police Officers Ass'n v Detroit*, 419 Mich 1207 (1984), and *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009). In neither of these cases did the Court refer to subject-matter jurisdiction or examine the relevant court rules. And while *Detroit Police Officers* did casually (and unnecessarily) refer to the trial court's potential judgment being "void," the relevant court rule at the time of our decision provided that "*all* jurisdiction over the cause" would be "vested" in this Court if we granted the application for leave to appeal. GCR 853.2(2) (1984) (emphasis added). By contrast, the present rule simply states that "jurisdiction over the case is vested" in this Court. MCR

10

By reading *George* as applying to subject-matter jurisdiction, the majority today ignores the persuasive reasoning from other states that have concluded trial courts are not divested of subject-matter jurisdiction during an appeal.[32] As the Kentucky Supreme Court has explained, subject-matter jurisdiction goes to the "kind of case" at issue, rather than a court's power to hear a particular case at a particular moment.[33] Consequently, an "appeal does not implicate the relevant inquiry: whether the [trial court] has the authority to hear 'this kind of case.' "[34] Indeed, because subject-matter jurisdiction concerns the general types of cases that can be heard, courts often say that two courts can have concurrent subject-matter jurisdiction over a case, even though the case is only before one of those courts.[35] Having subject-matter jurisdiction means that a court *can* hear a type of case, not

---

7.305(H)(3). It is also noteworthy that the jurisdictional argument in both *Detroit Police Officers* and *George* arose on direct appeal, as this Court was considering the application for leave to appeal and not, as here, in a collateral attack many years later.

[32] See, e.g., *Commonwealth of Kentucky, Finance & Administration Cabinet v Wingate*, 460 SW3d 843, 847-848 (Ky, 2015); see also *Maryland v WBAL–TV*, 187 Md App 135, 151; 975 A2d 909 (2009) ("The Court of Appeals has made clear that a circuit court retains fundamental jurisdiction in cases where an appeal is pending so long as the exercise of that jurisdiction does not preclude or hamper the appellate court from acting on the matter before it, and any post-judgment ruling by a circuit court that precludes or hampers judicial review may be subject to reversal on appeal, but it is not void *ab initio* for lack of jurisdiction to enter it.") (cleaned up).

[33] *Wingate*, 460 SW3d at 848.

[34] *Id.*

[35] See, e.g., *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd*, 472 Mich 479, 493; 697 NW2d 871 (2005) ("It has long been established that, so long as Congress has not provided for exclusive federal-court jurisdiction, state courts may exercise subject-matter jurisdiction over federal-law claims whenever, by their own constitution, they are competent to take it.") (cleaned up); *Schell v Schell*, 257 Mich 85, 89; 241 NW 223 (1932) (noting the possibility that "courts hav[e] concurrent jurisdiction

11

that the court *is* hearing a particular case falling within that type.[36]  Thus, a trial court's action affecting an appeal is simply an improper exercise of its subject-matter jurisdiction.[37]

It is true that many other jurisdictions have labeled the defect here as one of subject-matter jurisdiction.[38]  But these courts have not explained how their conclusion is

of any given subject-matter," and explaining that, with regard to a particular case raising that subject matter, the court to first entertain the case can exercise its "jurisdiction free from any interference by any other court having a like jurisdiction.") (cleaned up).

[36] Cf. *BNSF R Co v Tyrrell*, 581 US__; 137 S Ct 1549, 1553; 198 L Ed 2d 36 (2017) ("[T]he term 'concurrent' jurisdiction[] refers to subject-matter jurisdiction . . . .  It simply clarifies that the federal courts do not have exclusive subject-matter jurisdiction over [Federal Employers' Liability Act] suits; state courts can hear them, too."); *In re MIW*, 365 NC 374, 379; 722 SE2d 469 (2012) ("Exercising jurisdiction, in the context of the Juvenile Code, requires putting the court's jurisdiction into action by holding hearings, entering substantive orders or decrees, or making substantive decisions on the issues before it.  In contrast, having jurisdiction is simply a state of being that requires, and in some cases allows, no substantive action from the court."); *Pratts v Hurley*, 102 Ohio St 3d 81, 86; 2004-Ohio-1980; 806 NE2d 992 (2004) ("[W]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present.  Any subsequent error . . . is only error in the exercise of jurisdiction . . . .") (cleaned up); Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 BYU L Rev 1, 27 (1988) (" 'Type' [of case for purposes of subject-matter jurisdiction] means the general type without regard to the facts of the particular case.").

[37] See *Jackson v State*, 358 Md 612, 620; 751 A2d 473 (2000) ("[W]e have made clear that a circuit court is not divested of fundamental jurisdiction to take post-judgment action in a case merely because an appeal is pending from the judgment.  What the court may *not* do is to *exercise* that jurisdiction in a matter that affects either the subject matter of the appeal or the appellate proceeding itself—that, in effect, precludes or hampers the appellate court from acting on the matter before it.").

[38] See, e.g., *Sports Courts of Omaha, Ltd v Meginnis*, 242 Neb 768, 773; 497 NW2d 38 (1993) ("A district court is divested of subject matter jurisdiction over a particular case when an appeal of that case is perfected to an appellate court.").  It is worth noting that even in these states, the divestiture is partial, and the trial court retains jurisdiction to issue

consistent with the view that subject-matter jurisdiction relates to a court's abstract power to adjudicate a class of cases. Rather, these courts assert their holding as a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time."[39] In other words, it is based on a judicial policy of efficiency rather than on the determination that a court has been divested by the constitution or other appropriate legal authority of the power to adjudicate a class of cases.[40] In general, " 'the principle is not derived from the jurisdictional statutes or from

orders in aid of the appeal or in matters unrelated to the appeal. See, e.g., *May Trucking Co v Northwest Volvo Trucks, Inc*, 238 Or App 21, 33; 241 P3d 729 (2010) ("The trial court did not lose jurisdiction over the portion of the litigation that was not involved in the appeal.").

[39] *California Dep't of Toxic Substances Control v Commercial Realty Projects, Inc*, 309 F3d 1113, 1120 (CA 9, 2002) (cleaned up); see also 16A Wright & Miller, Federal Practice & Procedure, Juris (4th ed), § 3949.1, p 64 ("[T]he rule discussed here [i.e., the divestiture rule] is a judge-made doctrine designed to implement a commonsensical division of labor between the district court and the court of appeals," and the rule "has been softened [in various instances] so as to guard against the risk that a litigant might manipulate the doctrine for purposes of delay.").

[40] The majority hints at, but does not elaborate upon or even clearly adopt, another rationale that has been put forward for the rule: that trials and appeals are different classes of cases and thus two different subject matters for jurisdictional purposes. See *Brickwood Contractors, Inc v Datanet Engineering, Inc*, 369 F3d 385, 393 (CA 4, 2004). I have only found one case and one article discussing this view in the present context. See *id.*; Stephens, *Florida's Third Species of Jurisdiction*, 82 Fla B J 11, 16 (Mar, 2008). Neither source elaborates on this view. The article, which was cited and relied on by the Court of Appeals here, fails to cite any supporting authority, and the *Brickwood* court's comments on the subject were dicta because the case did not involve this issue.

Moreover, *Brickwood* cited only *Griggs v Provident Consumer Disc Co*, 459 US 56, 58; 103 S Ct 400; 74 L Ed 2d 225 (1982), which stated, "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." This statement does not purport to distinguish trials and appeals as different classes of

13

the rules, but is a prudential, or judge-made, doctrine,' " and accordingly, " 'should not be employed to defeat its purposes or to induce endless paper shuffling.' "[41]  Adopting this rule by judicial decision, as the majority does today, has the effect of carving out an exception to the subject-matter jurisdiction granted to circuit courts by Michigan's Constitution, statutes, and, where applicable, court rules.  Given our caselaw establishing that the Constitution and statutes are the sources of subject-matter jurisdiction, it remains an open question whether we have the authority to create that exception.

---

cases.  If it did, it would be in some tension with the Court's canonical description of appellate jurisdiction in *Marbury v Madison*, 5 US [1 Cranch] 137, 175; 2 L Ed 60 (1803): "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause."  That line does not suggest that an appeal becomes an entirely new type of case.  The Court in *Griggs* very clearly did not say the trial court was divested of subject-matter jurisdiction, but only of "control."  See *Griggs*, 459 US at 52.  Consequently, the view of trials and appeals as two separate classes of cases for purposes of subject-matter jurisdiction is not well grounded.  Cf. *State v Brown*, 358 SC 382, 387; 596 SE2d 39 (2004) (suggesting a distinction between trial and appellate subject-matter jurisdiction: "The failure of a party to comply with the procedural requirements for perfecting an appeal may deprive the court of 'appellate' jurisdiction over the case, but it does not affect the court's subject matter jurisdiction") (cleaned up; emphasis omitted); 4 CJS, Appeal and Error, § 78, p 90 ("An appellate court derives its jurisdiction from the lower court, and can have no greater subject matter . . . jurisdiction than the lower court.") (citations omitted); 15A Wright & Miller, Practice & Procedure, Juris (2d ed, April 2015 supplement), § 3905, p 301 n 6 ("The growing tendency to refer to appeal jurisdiction as involving subject-matter jurisdiction is worrisome.  The concerns that allocate authority between trial and appeal courts within a single system are important, but are quite different from the concerns that allocate authority between federal courts and state courts.  There is a real risk of artificial and nonfunctional results if the limits on appeal jurisdiction come to be treated in the same way as limits on district-court jurisdiction.").

[41] Ides, *The Authority of a Federal District Court to Proceed After Notice of Appeal has been Filed*, 143 FRD 307, 309 n 18 (1992), quoting 9 Moore's Federal Practice (2d ed), ¶ 203.11.

14

I also do not believe that the policy behind this divestiture rule requires that the trial court's lack of authority be characterized as a lack of subject-matter jurisdiction. For one thing, applying the rule to require a pro forma resentencing works against the very purpose of the exception, judicial efficiency. More significantly, the chief distinction between a bare lack of authority and a lack of subject-matter jurisdiction is that the latter defect is unwaivable and, in our state at least, can be challenged collaterally.[42] But even when waivable, the trial court's exercise of authority in these circumstances is still an error that can be rectified in the normal course of a direct appeal. It also appears that even those jurisdictions that call this subject-matter jurisdiction do not go much further than this. Instead, the trending rule appears to be that subject-matter jurisdiction defects cannot be challenged on collateral attack. The United States Supreme Court, along with many other courts and the Restatement, generally bar those collateral attacks.[43] Consequently, in these

---

[42] See Shannon, *Reconciling Subject-Matter Jurisdiction*, 46 Hofstra L Rev 913, 933 (2018) (noting that the "primary difference" between subject-matter jurisdiction and other procedural rules such as personal jurisdiction and venue is that subject-matter jurisdiction defects cannot be waived).

[43] See *Ins Corp of Ireland v Compagnie des Bauxites de Guinee*, 456 US 694, 702 n 9; 102 S Ct 2099; 72 L Ed 2d 492 (1982) (noting that res judicata applies to subject-matter jurisdiction defects that the parties had an opportunity to litigate); *Sousa v Sousa*, 322 Conn 757, 773; 143 A3d 578 (2016) (applying the Restatement's rule that allows collateral attacks only in "exceptional" cases) (cleaned up); *O'Neill v Simpson*, 958 P2d 1121, 1123 (Colo, 1998) (relying on United States Supreme Court precedent to hold that a party who had the opportunity to litigate subject-matter jurisdiction is barred from raising those jurisdictional defects on collateral attack); *In re Interest of HNT*, 125 Wis 2d 242, 252; 371 NW2d 395 (App, 1985) (adopting the Restatement approach and holding that "well-established principles of *res judicata* and collateral estoppel" can apply to bar collateral attacks); 1 Restatement, Judgments, 2d, § 12, comment *a*, pp 116-117 (recognizing that courts have moved away from the traditional rule allowing collateral attacks); see also Berch, *Waiving Goodbye to Non-Waivability: The Case for Permitting Waiver of Statutory Subject-Matter Jurisdiction Defects*, 45 McGeorge L Rev 635, 663 (2014) ("Even the

states, a decision that the defect here relates to subject-matter jurisdiction would not have the same far-reaching consequences as it would in Michigan, where parties can raise defects in subject-matter jurisdiction collaterally.[44]

IV

A straightforward application of our precedent and interpretation of our court rules leads to the conclusion that the trial court did not lack subject-matter jurisdiction in this case.[45] This outcome is also consonant with well-reasoned authorities from other states, resting on the longstanding principle that subject-matter jurisdiction involves the types of cases a court can hear and not the jurisdiction of a court in particular cases. The majority does not grapple with these arguments and instead hides behind a labored misconstruction of our precedent. Nothing in our caselaw, however, prevents us from reaching the correct conclusion in this case.

Under today's decision, the trial court must once again resentence defendant, but not because the last sentence imposed in 2006 was erroneous and not because defendant

---

modern no-waiver rule admits of at least one 'black letter' exception: subject-matter jurisdiction is not reviewable on collateral attack.") (citation omitted); *Subject Matter Jurisdiction as a New Issue*, 1988 BYU L Rev at 33 (supporting the trend in courts treating "the issue of subject matter jurisdiction as foreclosed in all postappeal challenges, whether technically considered as direct or collateral.") (citation omitted).

[44] See *In re Hatcher*, 443 Mich 426, 439; 505 NW2d 834 (1993) ("Generally, lack of subject matter jurisdiction can be collaterally attacked and the exercise of that jurisdiction can be challenged only on direct appeal."), overruled on other grounds by *In re Ferranti*, 504 Mich 1 (2019).

[45] Because I do not believe that the trial court's error here deprived it of subject-matter jurisdiction, there is no need to address whether such defects can be raised in a successive motion for relief from judgment under MCR 6.502.

16

has been prevented from raising any errors with the process on direct appeal. And the resentencing will serve as a new source for potential errors that can be appealed and collaterally attacked for years to come. All of this because the last sentencing occurred while an application for leave to appeal was pending. I do not believe this decision comports with the law, and therefore, I respectfully dissent.

David F. Viviano
Brian K. Zahra
Elizabeth M. Welch

17